Don Ray SHIELDS, Appellant,

v.

Harold JACKSON, Police Officer, City of Kennett, Dunklin County, Missouri, Appellee.

No. 77–1169.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1978.

Decided Feb. 16, 1978.

---

Don Ray Shields, for appellant.

Charles Sampson Williams, Jr., Kennett, Mo., for appellee.

Before HEANEY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

Don Ray Shields appeals from the trial court's denial of his motion to vacate the judgment dismissing the case. Louis Gilden of St. Louis, Missouri, was appointed by this Court to represent Shields in this appeal.

In August of 1975, Shields was arrested in Kennett, Missouri, by Harold Jackson and other police officers of the Kennett police department. Shields claims that Jackson seized some of Shields' property including a CB radio and antenna, an ice chest, a puma knife and money totaling approximately $200. The failure of Jackson to return the property upon Shields' request is the basis of this suit. When this suit was filed, Shields was incarcerated in the Missouri Training Center for Men, Moberly, Missouri. He was released on May 2, 1977.

On November 3, 1975, Shields filed this action in the District Court for the Eastern District of Missouri. His pro se complaint sought damages and equitable relief and alleged that Jackson, individually and in his official capacity, had taken personal property belonging to Shields in violation of 42 U.S.C. § 1983. Leave to proceed in forma pauperis was granted. A summons was served upon Jackson and an answer was filed on December 3, 1975. Shields filed a traverse on December 10, 1975.

The trial court issued a standard pretrial order on February 6, 1976, requiring that counsel for the parties meet and thereafter file status reports on the case. Apparently in response to the pretrial order, Shields, who was not only proceeding pro se but was also incarcerated, filed a motion for appointment of counsel on February 17, 1976. That motion was denied the same day. Shields filed a petition for writ of mandamus in this Court to compel the trial court to appoint counsel. This Court denied the petition in an order filed March 11, 1976, Misc. No. 76–8038, which stated:

The petition of Don Shields for writ of mandamus and/or petition for administrative review is denied. This is without prejudice to the district court entering appropriate orders directing petitioner to set out in more detail his claim, the basis for his incarceration, the items now being held in custody, and any other matters relevant to the civil litigation. After this information is filed, the district court will be in a better position to determine whether the cause of action merits appointment of counsel.

The pretrial order had directed that the status reports be filed no later than March 22, 1976. On April 12, 1976, the defendant filed a motion for leave to file his status report out of time. A status report was attached to the motion. The trial court granted the motion and the report was filed. Jackson filed a motion to dismiss on November 15, 1976. The motion stated that the case was set for trial on the same day, November 15, 1976, that Shields had willfully failed to file a status report and that Shields had willfully failed to comply with the trial court's pretrial order. Jackson sent Shields a notice that a motion to dismiss would be made November 15. That notice was mailed to Shields on Friday, November 12, 1976. An order granting defendant's motion to dismiss, and dismissing the action without prejudice, was entered by the trial court on January 31, 1977.

Shields filed a motion to vacate the judgment on February 7, 1977. He alleged that his failure to comply with the pretrial order was due to his inability to appear at a pretrial conference because he was incarcerated, and that he did not file a status report because he was a lay person and had understood this Court's order on the mandamus petition to mean that the trial court was to seriously reconsider whether or not counsel should be appointed to represent Shields. Had the motion for counsel been reconsidered and granted, as Shields thought it was to be, Shields would have had the status report filed. Because the trial court did not reconsider the motion for counsel, Shields contends that his case should not have been dismissed for his failure to comply with an order for which he required legal help.

On February 14, 1977, the trial court denied the motion to vacate judgment. Shields timely filed a notice of appeal.

Because it does not appear from the record that the trial court reconsidered the motion for appointment of counsel after our previous decision on this matter, we vacate the judgment of the trial court and remand this case with directions to it to appoint counsel.

We take this action because it is clear that Shields is indigent and not in a position to adequately investigate the case, and because we believe that the complaint states a cause of action and that the appointment of counsel will advance the proper administration of justice. *See Peterson v. Nadler,* 452 F.2d 754 (8th Cir. 1971). *Cf. Sebastian v. United States,* 531 F.2d 900 (8th Cir.), *cert. denied,* 429 U.S. 856, 97 S.Ct. 153, 50 L.Ed.2d 133 (1976); *Scott v. Chief of Police,* 492 F.2d 1310 (8th Cir. 1974).