TONE, Circuit Judge.
We are called upon to review the District Court’s award of damages under a superse-deas bond in a fair housing case. Plaintiffs complain that the award was inadequate in certain respects. We modify it in part.
This action began in April 1974 when Stanley and Judith Moore, black citizens of the United States, filed a complaint based on 42 U.S.C. §§ 1982 and 3604 alleging that they had entered into an agreement to buy a house owned by Mrs. Mary Ryan Townsend and that Mrs. Townsend and Jane Melnick, the exclusive sales agent for the property, subsequently had refused to sell to them because of their race. The District Court entered a preliminary injunction restraining the sale of the house to anyone other than the Moores pendente lite.
When the Moores’ claim came on for trial, they elected to seek specific performance instead of money damages. After hearing the evidence, the court found in favor of the Moores and entered a judgment requiring Mrs. Townsend to sell her house to the Moores for $77,000, with the closing date to be not later than August 1, 1974. On Mrs. Townsend’s motion, the District Court ordered a stay pending appeal, conditional on a supersedeas bond of $25,000, which she filed. This court affirmed the District Court’s finding of discrimination, as well as an award of attorney’s fees. Moore v. Townsend, 525 F.2d 482.
On remand, the District Court ordered that the closing date “shall be on or before December 8, 1975 and possession shall be given at closing.” Closing proceeded as scheduled, and subsequently $25,000 from the closing proceeds was placed with the clerk of the court to be deposited in an interest bearing account as the bond for damages caused by the delay attending appeal. Following the taking of evidence, the District Court awarded the Moores $2,343.72 in damages under the supersedeas bond.[1]
*426 The damage award was based on the following findings: The stay, by precluding a closing on August 1, 1974, deprived the Moores of a $50,000 mortgage loan commitment, under which the loan was to be repaid in 25 years at 7% percent interest. At the time of the closing on December 8,1975, the Moores had to pay 9 percent.[2] The total, additional interest that the Moores would have to pay over the 25-year life of the loan would be $10,063.20,[3] which when reduced to its present value comes to $2,343.72. The court refused to allow various other items of damages claimed by the Moores for reasons we shall note as we discuss those items.
The Moores challenge the court’s interest calculation and disallowance of other items of damages. They acknowledge, however, that in contesting the damage award they are not attempting to reinstitute their previously abandoned claim for money damages based on the fair housing violation, a claim that would be outside the scope of the supersedeas bond.

The Scope of the Bond

The authority for stay of an injunction pending appeal is derived from Rule 62(c), Fed.R.Civ.P. The court granting such a stay may in its discretion require a bond “upon such terms . . . as it considers proper for the security of the rights of the adverse party.” [4]
The bond itself is not in the record, and the conditions of the bond are not specified in the order approving it. There appears to be no dispute, however, that the bond is a typical one, covering damages resulting from the stay, as well as costs of the appeal,[5] and we shall assume this to be the case.
The damages recoverable under a bond given to stay the execution of a judg *427 ment ordering the transfer of real property are “those damages arising from the delay occasioned by [the stay pending appeal] which are properly a legal damage to the party delayed.” Kountze v. Omaha Hotel Co., 107 U.S. 378, 394, 2 S.Ct. 911, 925, 27 L.Ed. 609 (1882). Thus a supersedeas bond provides compensation for those injuries which can be said to be the “natural and proximate result of the stay.” Weiner v. 222 East Chestnut Corp., 303 F.2d 630, 634 (7th Cir. 1962). The costs covered are those costs of appeal that are taxed as such by the appellate court. American Trust Co. v. Speers Sand & Clay Works, 60 F.2d 994, 997 (D.Md.1932).

Additional Interest

There is no dispute that the additional interest the Moores will have to pay by reason of the delay in closing is an injury legally attributable to the stay. Weiner v. 222 East Chestnut Corp., supra, 303 F.2d at 634. To avoid overcompensation, an award of future damages should be discounted to its present value. Petition of United States Steel Corporation, 436 F.2d 1256, 1280 (6th Cir. 1970); G. Dobbs, Remedies, § 8.7 (1973). The discounting calculation complained of here assumed that all of the additional interest charge could be deferred for 25 years. In fact, however, the Moores must pay part of the additional interest each month (300 monthly payments over 25 years). The proper measure of damages is, therefore, the present value of the additional interest contained in each monthly payment. Weiner v. 222 East Chestnut Corp., supra, 303 F.2d at 634; see G. Dobbs, Remedies, supra.
At oral argument we directed the parties to submit recalculations of the interest damages following the method just stated. Each side submitted a different calculation. The Moores used an interest rate of 9 percent, the rate mentioned in the District Court’s opinion, while Mrs. Townsend used 8% percent, the rate actually specified in the Moores’ mortgage note. The latter rate and Mrs. Townsend’s calculation using that rate appear to be correct: Additional monthly interest of $33.41 per month is multiplied by 155.206864, the present value factor of $1.00 per period for 300 periods at 6 percent interest (the legal rate of interest used by the District Court). The amount needed at 6 percent, therefore, to pay an annuity of $33.41 per month for 300 months is $5,185.46.
Appellee attempts to justify the figure used by the District Court by arguing that it represents a discount based on the possibility that the Moores may sell the house and therefore not have to pay the entire additional interest. This argument is refuted by what the court said:
Mrs. Townsend urges that this element of damage [total additional interest to be paid over the natural life of the loan] is speculative; that the likelihood that the Moores will remain in the subject premises for the life of the loan and thus pay the full amount of increased interest is highly unlikely. ... It does not lie with Mrs. Townsend to urge that that obligation is in reality a speculative one. We do hold, however, that the gross amount of potential interest liability should be discounted to its present value.
Thus the court, correctly we believe, rejected the argument that an award of damages representing the total additional interest liability would be unduly speculative.
We modify the amount awarded by the District Court for additional interest, increasing that amount to $5,185.46.

Moving Expenses

The Moores also argue that the District Court erred in failing to award certain expenses incurred as the result of having to make an interim move during the appeal because of intolerable living conditions. To escape these conditions, they purchased a townhouse in Wheaton, Illinois, where they lived until they moved into the Townsend house. Before the District Court, they made claims for (1) expense incurred when looking for a new interim dwelling, (2) closing costs for the Wheaton townhouse, (3) moving expenses incurred in move to Wheaton, (4) various expenses for maintenance *428 and improvements of the Wheaton townhouse, (5) other miscellaneous expenses, (6) costs of having to sell the Wheaton townhouse, and (7) cost of moving from Whea-ton to the Townsend house. We agree with the District Court that items 1-6 are not compensable under the supersedeas bond because they were not reasonably foreseeable consequences of the stay pending appeal. And, any cost incurred as the result of having to move to take possession of the Townsend house is not compensable, since it is an expense that the Moores would have incurred in the absence of the stay.

Income Taxes

The Moores also argue that they should recover the amount of the income tax paid on the capital gain realized on the sale of their prior house in Silver Spring, Maryland. The District Court determined this amount to be $4,500. They contend that but for the supersedeas stay they would have been able to meet the requirements of 26 U.S.C. § 1034 [6] and therefore would have avoided paying any tax on the capital gain in their 1974 income taxes. The District Court denied the capital gain tax as an item of damages, because (1) they had not suffered any injury, i. e., § 1034 merely defers the tax and does not forgive it, and (2) in any event they did not seek an extension of time, i. e., did not act to mitigate their damage.
As to mitigation, it appears that the Moores could not have obtained an extension of the one year requirement.[7] We therefore turn to the first ground.
The argument that the tax is only deferred until the Moores resell the Townsend house strikes us as in substance the same argument the court rejected in dealing with increased interest. If the Moores soon sell the house, most of the increased interest cost will not have to be incurred; and, if in addition they fail to repurchase another house within the time and under the terms permitted by the capital gains tax statute, they would have had to pay the deferred capital gains tax if they had not already paid it. It is at least as likely that the Moores will be able to preserve their capital gains tax deferral throughout their lifetimes, either by staying in the same house or by timely purchase of another house (or successive other houses) after sale of that house, as it is that they will remain 25 years in the same house. In any event, as the District Court said about the interest item, it does not lie with appellee to claim that the loss is speculative. The fact of damages having been established, difficulties and doubts as to the amount should be resolved in favor of the injured party and against the wrongdoer.

Attorney Fees

Finally, the Moores claim their attorney fees incurred in the first appeal. It appears from the scanty record before us on this point and from the parties’ briefs that the petition for such fees was not filed until after the evidentiary hearing had been completed, and that the court therefore viewed the petition as untimely. We cannot say that refusing on this ground to allow the fees was error or an abuse of discretion.
The District Court’s order is modified to allow damages for increased interest in the amount of $5,185.46, and for loss of capital gain tax benefits in the amount of $4,500, making a total of $9,685.46. As modified, the order is affirmed.

. Mrs. Townsend filed a cross-claim against Mrs. Melnick and a third-party complaint against Mrs. Melnick’s employer, Jean Spencer Real Estate, Inc., seeking judgment over against them for indemnity for injuries she *426 would suffer as a result of the litigation on the ground that they, while in a fiduciary relationship, violated the Moores’ civil rights. On the court’s own motion, these claims were severed for a separate trial pursuant to Rule 42(b), Fed.R.Civ.P., and were tried with the claim for damages under the bond and determined adversely to Mrs. Townsend. The court also ordered Mrs. Melnick to surrender to the Moores for cancellation their $3,000 promissory note as earnest money.

. Appellee asserts that this figure is the result of a clerical error because the loan agreement provides for 8[3]A percent interest per annum. This assertion appears to be correct. See text, infra.

. There is an unexplained disparity between the figure the parties seemed to agree was correct, $10,023, and the figure in the.text. Presumably because of the nominal amount of the difference, both sides on appeal treat the figure in the text as correct, and we do likewise.

. Rule 62(d) states that “[w]hen an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule.” Subdivision (a) states that
[ujnless otherwise ordered by the court, an interlocutory or final judgment in an action for an injunction . . . shall not be stayed during . . . the pendency of an appeal. The provisions of subdivision (c) of this rule govern the suspending, modifying, restoring, or granting of an injunction during the pendency of an appeal.
Subdivision (c) states,
[w]hen an appeal is taken from ... [a] final judgment granting ... an injunction, the court in its discretion may suspend an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

. The Federal Rules of Appellate Procedure contain no provision governing the conditions of this or any other kind of supersedeas bonds. Supreme Court of the United States Rule 18(1) states,
When the judgment [stayed pending appeal] determines the disposition of the property in controversy as in real actions, . . . the amount of the supersedeas bond shall be fixed at such sum only as will secure the amount recovered for the use and detention of the property, the costs of the action, costs on appeal, interest and damages for delay.
Substantially the same provision appeared in former Rule 73(d), Fed.R.Civ.P., which governed appeals to the court of appeals before the adoption of the Federal Rules of Appellate Procedure in 1968. The purpose of the bond was recognized in Mrs. Townsend’s motion for approval of the bond, when she stated, “[T]he plaintiffs may be adequately compensated by damages for any alleged injuries caused by delay in execution should the aforementioned judgment be affirmed.”

. During the period pertinent here 26 U.S.C. § 1034(a) provided that a taxpayer could defer tax liability for the capital gain realized from the sale of his principal residence if he purchased a new residence within one year of the sale of the old residence. Because of the stay, the Moores were not able to purchase the Townsend house within one year of the sale of their former residence, and therefore their capital gain was taxable.

. Extensions of § 1034(a)’s time limitations are available only when a specific statutory provision so provides. See Rev.Rul. 69-343, 1969-1 C.B. 305 and Rev.Rul. 75-1975, Í975-1 C.B. 256. No such statutory provision is applicable here.