No. 79–6121.  HYMAN *v.* RICKMAN ET AL.  C. A. 7th Cir.
Certiorari denied.

MR. JUSTICE BLACKMUN, with whom MR. JUSTICE BRENNAN
and MR. JUSTICE MARSHALL join, dissenting.

Petitioner, an inmate at the Stateville Correctional Cen-
ter in Joliet, Ill., filed *pro se* a civil rights action pursuant to
42 U. S. C. § 1983, alleging that the defendants he named
(the warden and three officers of the prison guard) had de-
prived him of his constitutional rights by failing to afford him
appropriate medical treatment for glaucoma, a sight-threat-
ening eye condition.  According to appointed counsel's state-
ment of the case, petitioner's condition, while made known to
the prison authorities at the beginning of his incarceration,
did not receive the attention of an eye doctor during his first
four months at Stateville, and he was denied the medication
that eventually was prescribed for him until he was hospital-
ized some eight months after entering the prison.  Pet. for
Cert. 2.  After being released from the hospital, petitioner
continually had to prod the guards to give him his medicine,
and they sometimes denied it to him.  His eyes were per-
manently injured.  *Ibid.*

The United States District Court for the Northern District
of Illinois initially granted the defendants' motion for sum-
mary judgment on all of petitioner's claims.  Although
granting leave to proceed *in forma pauperis,* that court failed
to act upon petitioner's motion, under 28 U. S. C. § 1915 (d),
for the appointment of counsel.[1]  The United States Court
of Appeals for the Seventh Circuit, after appointing counsel

---

[1] Title 28 U. S. C. § 1915 (d) provides that in *in forma pauperis* cases
"[t]he court may request an attorney to represent any such person unable
to employ counsel. . . ."

to represent petitioner on appeal, reversed the District Court's judgment in part, remanding the case for further proceedings on petitioner's claim that respondents intentionally had deprived him of medication.

On remand, petitioner again moved the District Court for the appointment of counsel, and, unlike the Court of Appeals, the District Court denied his motion. Petitioner presented his own case in a 4-day jury trial. At the conclusion of his presentation of evidence, the District Court granted directed verdicts in favor of the warden and two of the guards, who evidently had little responsibility for petitioner's treatment on a day-to-day basis. Petitioner based his case against the fourth defendant, Lt. James L. Rickman, on allegations that this officer had sometimes denied petitioner medication on weekends. The case was submitted to the jury but they were unable to reach a verdict. Following a second trial, during which petitioner again represented himself, the jury found for Rickman.

Petitioner appealed a second time, and the Court of Appeals again appointed counsel to represent him. Petitioner argued that the District Court's failure to appoint counsel to represent him at trial had been an abuse of discretion and reversible error because his claim in fact was colorable (as evidenced by the Court of Appeals' earlier reversal of the District Court's entry of summary judgment), because the trial issues were factually and legally complex, because the constitutional right at stake was serious, and because the presence of counsel would have substantially aided petitioner in presenting his case. The Court of Appeals rejected this argument, holding, in an unpublished opinion, that the decision to appoint counsel for a civil rights litigant proceeding *in forma pauperis* rests with the discretion of the trial court. It repeated the standard it had articulated in earlier cases, that "[o]nly when a 'denial [of counsel] would result in fundamental unfairness impinging on due process rights' . . . will an appeals court overturn a decision of the district court

not to appoint counsel." App. to Pet. for Cert. 3 (quoting *Heidelberg* v. *Hammer*, 577 F. 2d 429, 431 (CA7 1978)).[2]

The Court of Appeals found no abuse of discretion in this case because the record revealed that petitioner understood the issue that was remanded for trial and had introduced evidence on that issue. Even conceding that counsel may have amended petitioner's complaint after the first appeal to expand his claim concerning the denial of medical treatment, the court concluded that petitioner had received a fair opportunity to state his case.

Petitioner contends that if his motion for the appointment of counsel had been granted by the District Court, counsel no doubt would have amended petitioner's complaint to add as defendants the prison physicians who were most responsible for his inadequate medical treatment. Counsel, unlike petitioner, would not have focused the jury's attention on isolated instances in which a single guard failed to give petitioner his medication, but rather would have concentrated on the lengthy period during which petitioner received no treatment at all for his sight-threatening condition. Appointed counsel would have obtained expert testimony to testify that glaucoma, if not treated properly, progressively leads to total blindness and irreversible damage.

I believe that under the controlling standards governing the appointment of counsel in civil rights cases that have been

---

[2] The standard of review articulated by the court in this case is derived from its earlier decision in *LaClair* v. *United States*, 374 F. 2d 486, 489 (CA7 1967). In *Chapman* v. *Kleindienst*, 507 F. 2d 1246, 1250, n. 6 (CA7 1974), the court refrained from deciding whether *LaClair's* standard should be replaced by that articulated in *Dreyer* v. *Jalet*, 349 F. Supp. 452, 486 (SD Tex. 1972), affirmance order, 479 F. 2d 1044 (CA5 1973): "[I]f a civil action brought by an indigent acting pro se, including prison inmates, has merit requiring an evidentiary hearing, then counsel should be appointed to properly present the claim." In *Heidelberg* v. *Hammer*, 577 F. 2d, at 431, the court stated: "We are not now disposed to overrule the holding of *LaClair*. . . ."

adopted by other Courts of Appeals, a district court would have granted petitioner's § 1915 (d) motion. See *Gordon* v. *Leeke,* 574 F. 2d 1147, 1153 (CA4), cert. denied, 439 U. S. 970 (1978) ("If it is apparent to the district court that a *pro se* litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him"); *Shields* v. *Jackson,* 570 F. 2d 284, 286 (CA8 1978) (where an indigent prisoner is in no position to investigate his case, his complaint states a cause of action, and the appointment of counsel will advance the administration of justice, the case will be remanded with directions to the district court to appoint counsel). See also *Chubbs* v. *City of New York,* 324 F. Supp. 1183, 1191 (EDNY 1971) ("If the case has merit and a trial is required counsel should be appointed. The prisoner himself can simply not prepare and try the case effectively"); and n. 2, *supra.*

Questions concerning the standards by which district courts are to exercise their discretion in appointing counsel under § 1915 (d), and the degree to which the exercise of that discretion is to be controlled, are of obvious importance to the administration of justice, and to the enforcement of federal civil rights, particularly in our Nation's penal institutions. Because I believe that petitioner's motion for the appointment of trial counsel would have been granted in other circuits, and that he may well have been prejudiced in presenting his case by the failure of the District Court to appoint counsel, I would grant certiorari and set the case for argument.