**Richard SISK, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 84–1107.**

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 2, 1984.*

Decided Feb. 27, 1985.

As Amended April 3, 1985.

Rehearing Denied May 21, 1985.

---

\* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

Harlington Wood, Jr., Circuit Judge, dissented and filed opinion.

Richard Sisk, pro se.

Before WOOD, ESCHBACH and FLAUM, Circuit Judges.

ESCHBACH, Circuit Judge.

Plaintiff, an Arizona state prisoner, appeals from an order of the district court dismissing his *pro se* Federal Tort Claims action for want of prosecution pursuant to Fed.R.Civ.P. 41(b). We reverse.

The events which give rise to this case occurred while plaintiff Richard Sisk, who since the commencement of this action has been incarcerated in the state prison at Florence, Arizona, was temporarily confined in the federal penitentiary at Terre Haute, Indiana. In his complaint, plaintiff alleges that various items of personal property were lost or stolen from his cell as the result of the negligence of prison employees following his removal and placement in administrative segregation. After exhausting the various administrative remedies he

had available,[1] plaintiff instituted a damage claim in federal district court against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* Since the commencement of his action in May, 1982, plaintiff has persisted in the prosecution of his claim by filing a succession of motions directed primarily at the pleadings and discovery matters (prompted in part by the dilatory conduct of the defendant), culminating in the district court's order of October 20, 1983 denying plaintiff leave to file an interlocutory appeal. On the same day, the district court assigned a trial date of December 20, 1983, and the parties were notified. When plaintiff did not appear at the December 20 trial of his cause in Indianapolis, the district court dismissed the action for want of prosecution, Fed.R.Civ.P. 41(b), finding that plaintiff had taken no steps to notify the court or the clerk's office concerning his absence. This order of dismissal is the subject of the present appeal.

A district court's dismissal of an action for want of prosecution is discretionary, and will not be overturned on appeal "unless it is clear that no reasonable person could concur in the [district] court's assessment of the issue under consideration." *Stevens v. Greyhound Lines, Inc.,* 710 F.2d 1224, 1229 (7th Cir.1983), quoting *Locascio v. Teletype Corp.,* 694 F.2d 497, 499 (7th Cir.1982), *cert. denied,* 461 U.S. 906, 103 S.Ct. 1876, 76 L.Ed.2d 808 (1983). However, this is not to say that a district court's exercise of discretion is beyond review. "Discretionary choices 'are not left to a court's inclination, but to its judgment; and its judgment is to be guided by sound legal principles.' " *Maclin v. Freake,* 650 F.2d 885, 886–887 (7th Cir.1981) (Citations omitted). In *Heidelberg v. Hammer,* 577 F.2d 429 (7th Cir.1978), this court addressed the propriety of a district court's dismissal of an incarcerated felon's *pro se* civil action for want of prosecution under circumstances virtually identical to those in the present case. In determining that the district court had erred, we held that a dismissal of the action could not properly be based on plaintiff's failure to appear at trial where other possible methods of deciding the case on the merits had not been explored and found infeasible. *Id.* at 431. *Accord, Holt v. Pitts,* 619 F.2d 558, 561–562 (6th Cir.1980). *Cf. Stone v. Morris,* 546 F.2d 730, 735–736 (7th Cir.1976) (District court erred in summarily excluding incarcerated plaintiff from his trial without consideration of criteria articulated by this court); *Jerry v. Francisco,* 632 F.2d 252, 255–256 (3d Cir.1980) (Magistrate erred in failing to consider incarcerated plaintiff's request to secure trial appearance of incarcerated nonparty witnesses).

As in *Heidelberg,* plaintiff in the instant case had notice of the impending trial date but took no steps to secure his own presence at trial or notify the court of his inability to do so.[2] And, as in *Heidelberg,* the district court was fully apprised at the time it scheduled the case for trial that plaintiff's incarceration would likely foreclose the possibility of his appearance[3] but nevertheless dismissed the action when

---

1. In compliance with federal prison regulations, 28 C.F.R. §§ 543.30–.32, Sisk properly submitted his claim to the North Central Regional Office of the federal Bureau of Prisons for investigation and claim determination. 28 C.F.R. § 543.31(b). The subsequent denial of Sisk's claim by Regional Counsel on January 8, 1982, constituted a final administrative action, 28 C.F.R. § 543.31(g), and entitled Sisk to institute a suit in federal district court. 28 U.S.C. § 2675(a); 28 C.F.R. § 543.31(h). *Cf. Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) (availability of state tort claims procedure precludes § 1983 action by state prisoner against state prison officials to recover value of lost hobby materials).

2. Also, as in *Heidelberg,* Sisk had unsuccessfully moved the court to appoint counsel.

3. As recited in the final pretrial order entered on April 19, 1983, a final pretrial conference was held on March 18, 1983 and attended by Sisk by means of a telephonic hook-up to the state prison in Florence, Arizona. At that time, Sisk advised the court that he was not eligible for parole until the year 1999. Subsequent pleadings filed by Sisk with the court, including various motions relating to alleged interference with the instant litigation by Arizona prison officials, more than adequately served to put the court on notice of Sisk's incarceration.

plaintiff failed to appear, without giving consideration to other possible methods for deciding the case on its merits. This is evident by the court's insistence in its final pre-trial order that plaintiff appear in court to try his case at his own expense. When a prisoner's *pro se* civil action "reaches the trial stage, and his claim proves sufficiently meritorious to survive motions for dismissal and summary judgment, a court must then take all reasonable steps necessary to insure that the inmate receives the fair 'day in court' to which he is entitled." *Holt v. Pitts*, 619 F.2d at 561–562, citing *Heidelberg v. Hammer*, 577 F.2d at 431. However, in the instant case, the district court did not do this, and consequently, failed to exercise its discretion.

 Although the instant case involves a claim under the Federal Tort Claims Act (FTCA) for damages totalling $226.46 while *Heidelberg* was a § 1983 action brought against numerous police officers and prosecutors involved in the incarcerated plaintiff's arrest and conviction for murder, these distinctions do not call for a result different from *Heidelberg*. The FTCA is a waiver of sovereign immunity for certain suits sounding in tort. When injury to property, loss of property, personal injury or death arise out of the negligent or wrongful act or omission of any employee of the federal government acting within the scope of his or her employment, the FTCA imposes liability on the United States to the same degree that a private person would be liable. 28 U.S.C. §§ 1346(b) and 2674. Although the type and nature of injuries remedied in FTCA actions can be significantly different from those in § 1983 actions, this is not always the case.[4] We see no reason to set the rationale of *Heidelberg* apart from the instant case on the basis of this distinction. Both Section 1983 civil rights actions and FTCA actions provide monetary compensation to wronged or injured individuals,[5] and may involve relatively small sums of money.[6] To turn away from an application of the principles set out in *Heidelberg* on the basis of the size of monetary damages sought would require this court to impermissibly venture beyond the limits of judicial review and into legislative rulemaking. Accordingly, we find it necessary to remand this case to the district court, in light of *Heidelberg*, to consider other feasible alternatives[7] for deciding this case on its merits and to make findings thereon should the court determine dismissal is warranted.

Although we require the district court, in the exercise of its discretion, to make a

---

4. Since federal agents do not act under color of *state* law, federal civil rights acts cannot normally be invoked to remedy their misconduct. *See Meiners v. Moriarity*, 563 F.2d 343, 348 (7th Cir.1977); *Askew v. Bloemker*, 548 F.2d 673, 678 (7th Cir.1976). Relief from misconduct by federal agents may be obtained either by a suit against the agent for a constitutional tort under the theory set forth in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), or by a suit against the United States under the Federal Tort Claims Act. While it is uncertain whether a civil rights violation or a constitutional tort alone will permit a plaintiff to invoke the Federal Tort Claims Act, *Gray v. Bell*, 712 F.2d 490, 514–515 (D.C.Cir. 1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 1593, 80 L.Ed.2d 125 (1984); *Hohri v. United States*, 586 F.Supp. 769, 794 (D.D.C.1984); *Van Schaick v. United States*, 586 F.Supp. 1023, 1031 (D.S.C. 1983), the Act nevertheless permits claims based upon misconduct which is tortious under state law. 28 U.S.C. §§ 1346(6), 2680; *Gray v. Bell*, 712 F.2d at 514.

5. Unlike § 1983 actions, relief other than monetary damages is not authorized by the FTCA. 28 U.S.C. § 1346(b).

6. Indeed, where the realistic amount to be recovered in a § 1983 action is relatively small, it may be preferable, if a state so provides, to utilize small claims court procedures. *See Martinez v. California*, 444 U.S. 277, 283–284 n. 7, 100 S.Ct. 553, 558–559 n. 7, 62 L.Ed.2d 481 (1980) (§ 1983 action may also be litigated in state court).

7. We would include the appointment of counsel as yet another possibility to those suggested in *Heidelberg* for achieving a disposition on the merits. However, we note that in determining whether bringing Sisk to Indiana is a feasible alternative, the district judge may properly consider not only the interests of the inmate in presenting his testimony, but also the costs, risks and inconvenience of transporting Sisk from Arizona, as compared to the substantiality of the matter at issue. *Stone v. Morris*, 546 F.2d 730, 735–736 (7th Cir.1976).

meaningful exploration of other possible methods for deciding sufficiently meritorious prisoner *pro se* civil actions, this is not to suggest that the district court must utilize some alternative way of deciding plaintiff's case on the merits if not feasible, or devise one if none exists. Nor do we in any way abrogate the general responsibility of plaintiff in moving his cause forward, or condone plaintiff's absence at trial in light of his failure to apply for a continuance [8] or writ of habeas corpus ad testificandum or in any way notify the court of his inability to be present at trial. Likewise, we do not condone plaintiff's apparent complacency in placing the burden upon the district court to effect an alternative method of deciding his claim on the merits. Had the record disclosed any relevant facts demonstrating the district court's efforts to facilitate the disposition of plaintiff's case on the merits, plaintiff's absence from trial and the failure to apply for a writ or continuance or otherwise notify the court may well have warranted dismissal of this case for want of prosecution.

The district court's order of dismissal is REVERSED, and this case is REMANDED for further proceedings consistent with this opinion. Circuit Rule 18 shall not apply.

HARLINGTON WOOD, Jr., Circuit Judge, dissenting.

Although the majority opinion is not without some support from our decision in *Heidelberg v. Hammer*, 577 F.2d 429 (7th Cir.1978), I would draw the *Heidelberg* line just short of this case.

Sisk brought his civil suit under the Federal Tort Claims Act for reimbursement for various items of his personal property he claimed had been lost or stolen from his cell while incarcerated in the federal penitentiary at Terre Haute, Indiana. He is now a state prisoner in Arizona.

According to plaintiff's own appraisal his missing property is valued at $216.46. The government offered plaintiff $50 in settlement, so what we have left is a small claims justice of the peace action for $166.46. Judge Dillin, in the seasoned exercise of his sound discretion, dismissed the claim when plaintiff, knowing of the trial date well in advance, failed to contact the clerk or the court, or do anything else to see what might be done about the trial. I see no need now to show more concern about plaintiff's small claim than plaintiff did himself at the critical time in the process. Already four federal judges, here and in the trial court, have been involved with his claim. I would not send it back to a fifth.

There is admittedly some similarity with *Heidelberg*, but I do not, as the majority does, see it to be "virtually identical" with the present case. I think there is a fundamental distinction. *Heidelberg* was a civil rights action brought under 42 U.S.C. § 1983, alleging serious violations in connection with the plaintiff's Illinois murder conviction. Section 1983 is not a small claims statute, but is recognized to be for the protection of constitutional rights. Heidelberg alleged that his murder conviction was tainted by state destruction of his legal papers, electronic eavesdropping on conversations between himself and his attorney, falsification of a line-up report, police tapping of incoming telephone calls, and perjury. He was serving a sentence of 99 to 199 years. That all adds up to more than $166.46, but the amount is only one factor to be weighed by the trial judge in the exercise of his discretion. We considered the *Heidelberg* case also to justify the appointment of counsel to represent plaintiff on appeal as a public service contribution and suggested that the trial court do the same on remand. The majority does not find that this case likewise merits the appointment of counsel. *Heidelberg* made it clear that the error that was found was error in the circumstances of that particular case. 577 F.2d at 430–31. *Heidelberg* was not intended to be a rule under all circumstances for all times. I find no fault with the *Heidelberg* decision.

---

**8.** We recognize, of course, that in the instant case mere postponement of the trial is not a satisfactory solution since plaintiff will be incarcerated for many more years.

The majority recognizes that the disputed dismissal determination is a discretionary one for the trial judge, but then seems to leave him little discretion to exercise. The majority states that it does not intend to abrogate the plaintiff's general responsibility to move his case forward, and does not intend to condone plaintiff's failure to apply for a continuance or a writ of habeas corpus ad testificandum or his failure to notify the court of his inability to be present; nor, it is said, does it intend to condone plaintiff's complacency in placing the burden upon the trial judge to effect an alternate method. Nevertheless, it seems to me that that is exactly what the majority has done.

In the present case plaintiff has given no satisfactory explanation for his trial setting default. I would, therefore, decline to keep this case bouncing around on our crowded dockets as an undeserved accommodation to Sisk's own neglect and complacency.

I therefore respectfully dissent.