2 F.3d 1153
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Oscar KELLOM, Sr., Plaintiff-Appellant,
v.
Nicholas SHELLEY, Ross Morrison, Gretta Ellis, Joyce
Johnson, United States Department of Housing and
Urban Development, and Waterfield
Mortgage Company, Defendants-Appellees.
 No.s 92-3441, 92-3529.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 12, 1993.*
Decided Aug. 18, 1993.
 
 Before POSNER, FLAUM, and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Oscar Kellom, Sr. defaulted on his mortgage payments. Waterfield, his lender, foreclosed and attempted to have Kellom evicted from the property. Kellom refused to leave, however, because he was at the time attempting to seek "occupied conveyance" status from the United States Department of Housing and Urban Development, the provider of the mortgage insurance. If granted, the "occupied conveyance" status would allow him to remain temporarily as a tenant.
 
 
 2
 Kellom allegedly sent his application to HUD's Indianapolis office. But he never received word from HUD that his request had been approved, so he was evicted from his home. In state court, Kellom asserted that Waterfield violated his rights to due process under the Fifth and Fourteenth Amendments by evicting him while HUD was processing the "occupied conveyance" form. The Lake County Circuit Court denied his motion for a stay of eviction. In federal court, Kellom reasserted his claims against Waterfield and alleged as well that various employees of HUD violated his rights to due process through their inaction. Judge Moody granted the federal defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and Waterfield's motion for summary judgment pursuant to Rule 56.
 
 
 3
 Kellom brought his complaint against the federal defendants pursuant to 42 U.S.C. Sec. 1983, which redresses deprivations of rights under the color of the law of "any State or Territory." Section 1983 does not, however, support an action against the federal government or its employees. District of Columbia v. Carter, 409 U.S. 418, 429-30 (1973). Any actions taken by these defendants occurred in their capacities as federal employees. For that reason, the district court properly dismissed the claims against them. See Sisk v. United States, 756 F.2d 497, 500 n. 4 (7th Cir.1985). Although Kellom did not articulate a claim against the defendants under Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395-97 (1971), the district court liberally construed the pleadings to entertain such a claim. The court found, and we agree, that Kellom failed to state a claim that any of the defendants committed a constitutional wrongdoing. We do not address the appellees' arguments, which the district court did not address, that the complaint failed to state a claim by not alleging a violation of a federal statute or regulation.
 
 
 4
 Subsequently the district court granted Waterfield's motion for summary judgment. The court determined that it did not have subject matter jurisdiction[1] because Kellom was in essence asking it to "engage in appellate review of state-court determinations." Pennzoil Co. v. Texaco Inc., 481 U.S. 1, 21 (1987) (Brennan, J., concurring). In a recent case examining whether the Rooker-Feldman doctrine barred litigation in federal court, we reiterated that federal district courts have no jurisdiction to review state court judgments "in the guise of collateral attacks when no federal statute authorizes such review." Ritter v. Ross, No. 92-2220, slip op. at 7 (7th Cir. May 7, 1993) (citation omitted). See also Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Kellom is raising the same argument in his Sec. 1983 claim that he advanced in state court--that Waterfield violated his rights to due process when it evicted him. The state court addressed this complaint when it denied Kellom's motion to stay proceedings pending HUD's response to his request for relief. That decision was on appeal to the Indiana Court of Appeals when the district court issued its opinion. The district court was not authorized to review the state court decision.
 
 
 5
 None of Kellom's copious filings or motions show that the district court erred in dismissing his complaint. Accordingly, the judgment of the district court is AFFIRMED and Kellom's outstanding motions are denied as MOOT.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument". See Fed.R.App.P. 34(a) and Circuit Rule 34(f). Kellom requested oral argument, and we have concluded that it is unnecessary
 
 
 [1]
 The district court's dismissal would have been more appropriate under Federal Rule of Civil Procedure 12(b)(1). "Whereas a grant of summary judgment is a decision on the merits, ... a court must dismiss the case without ever reaching the merits if it concludes that it has no jurisdiction.... In short, the question of jurisdiction is inappropriate for summary judgment...." Capitol Leasing Co. v. FDIC, No. 92-3016, slip op. at 5 (7th Cir. June 30, 1993)