89 F.3d 839
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Willie Foster SELLERS, Plaintiff-Appellant
v.
The UNITED STATES of America, et al., Defendants-Appellees.
 No. 94-1531.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 25, 1996.*
Decided June 26, 1996.
 
 Before CUMMINGS, PELL and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Willie Foster Sellers, proceeding pro se, appeals the district court's partial entry of summary judgment and partial dismissal of an action brought by Sellers under Bivens v. Six Named Unknown Narcotics Agents, 403 U.S. 388 (1971) against various officials of the United States Bureau of Prisons and the United States Penitentiary at Marion, Illinois. For the reasons set forth below, we affirm.
 
 
 2
 Since April of 1974, Sellers has been incarcerated in federal and state correctional facilities as a result of numerous robbery convictions. He began his first sentence in June of 1974 at the United States Penitentiary at Atlanta, Georgia. On January 12, 1977, he was transferred to the United States Penitentiary at Marion, Illinois. Upon arrival at Marion, his personal property was received, inventoried, and stored. On January 31, 1977, Sellers was transferred to the Fulton County Jail in Atlanta, Georgia, on the authority of a writ of habeas corpus ad testificandum issued by the United States District court for the Northern District of Georgia. In March of 1977, Sellers escaped from the Fulton County Jail. He was captured in June of 1979 and returned to Marion. While on escape status, Sellers' property stored at Marion was considered abandoned and was confiscated. Some, but not all, of his personal property was eventually returned to him.
 
 
 3
 Thereafter, Sellers was transferred to various other federal correctional facilities, including the United States Penitentiaries at Terre Haute, Indiana; Leavenworth, Kansas; and Lewisburg, Pennsylvania. Upon completion of his federal sentences, he was released to the State of Texas, on the authority of a detainer, to begin serving a state sentence at the Wynne Correctional Unit in Huntsville, Texas for a previous robbery conviction.
 
 
 4
 While at Marion, in January of 1980 Sellers brought the instant Bivens action, alleging that various items of personal property had been illegally confiscated in violation of his right to due process under the Fifth Amendment and that he was denied proper meals and medical treatment for his diabetes in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. The defendants filed a motion for summary judgment. Regarding Sellers' claim of inadequate medical care, the district court denied the motion for summary judgment. However, the court entered summary judgment in favor of the defendants and against Sellers on his due process claim.
 
 
 5
 After lengthy pre-trial proceedings, which included an amendment to the complaint wherein Sellers added a claim for relief under the Federal Tort Claims Act, the district court entered an order scheduling a bench trial on Sellers' remaining claims on January 4, 1993. The court directed the clerk of court for the Southern District of Illinois to issue a writ of habeas corpus ad testificandum to ensure Sellers' presence at trial.[1] However, the writ was not executed and the trial date was rescheduled for February 16, 1993. Trial was not held on February 16 and on February 22, the defendants filed a motion to dismiss the action for failure to prosecute under Federal Rule of Civil Procedure 41(b). The district court denied the motion to dismiss and appointed an attorney to represent Sellers. In preparation for trial, Sellers was deposed on October 18, 1993 at the Wynne Correctional Unit.
 
 
 6
 On November 3, 1993, Sellers filed a motion to dismiss his court-appointed counsel, requesting that he be allowed to represent himself at trial. In denying Sellers' motion, the district court explained that it was not possible to have him transferred from the State of Texas to the Southern District of Illinois for trial. In his response to the district court's denial, Sellers reiterated that he wished to dismiss court-appointed counsel and litigate the case himself. On January 4, 1994, the district court made a phone call to Sellers advising him that if counsel were allowed to withdraw, the case would be dismissed since Texas would not authorize his release. Sellers stated that he understood and that he still wished to dismiss his court-appointed attorney and proceed pro se. Having fully informed Sellers of the consequences of his request, the district court granted Sellers' motion to dismiss counsel and dismissed the case for lack of prosecution. This timely appeal follows.
 
 
 7
 I. Entry of Summary Judgment on Sellers' Due Process Claim
 
 
 8
 Sellers first argues that since the confiscation and disposal of his property at Marion was clearly in violation of his right to procedural due process as guaranteed by the Fifth Amendment of the United States Constitution, the district court's entry of summary judgment in favor of defendants and against Sellers on this claim was in error.
 
 
 9
 A grant of summary judgment is reviewed de novo, "viewing the record and all reasonable inferences drawn from it in the light most favorable to the nonmoving party." Erdman v. City of Fort Atkinson, No. 95-3484, 1996 WL 276193, at * 1 (7th Cir. May 24, 1996). An entry of summary judgment will be affirmed "if there is no genuine issue as to any material fact, such that the moving party is entitled to judgment as a matter of law." Id.
 
 
 10
 Viewing the record in the light most favorable to Sellers, the material facts relevant to his claim are as follows. When Sellers arrived at Marion, on January 15, 1977, his personal property was inventoried and stored. On January 31, 1977, Sellers was temporarily transferred from Marion to the Fulton County Jail in Atlanta, Georgia, by way of a writ of habeas corpus ad testificandum issued by the United States District Court For the Northern District of Georgia. Sellers escaped from the Fulton County Jail in March of 1977, and remained a fugitive until his recapture in June of 1979. As a result of Sellers' escape, Marion officials disposed of various items of his personal property. This decision was made pursuant to an administrative provision of the federal prison system providing for the confiscation or destruction of personal property not claimed by a prisoner within thirty days of his parole, release, or escape. Federal Prison System Program Statement 13750, at 1 (1978).
 
 
 11
 Sellers argues that this regulation does not apply to him because: (1) it was promulgated after his escape, and (2) he was not in federal custody at the time of his escape. The applicability of this regulation, however, is not dispositive of Sellers' claim.
 
 
 12
 The Due Process Clause of the Fifth Amendment requires such process only when there has been a deprivation of life, liberty, or property. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 569 (1972); Downtown Auto Parks, Inc. v. City of Milwaukee, 938 F.2d 705, 710 (7th Cir.1991); Carson v. Block, 790 F.2d 562, 566 (7th Cir.1986). In order to have a constitutionally protectable property interest, "a person must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Roth, 408 U.S. at 577. Property interests do not arise from the constitution itself; rather, they "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." Id.
 
 
 13
 In Illinois, "property is abandoned when the owner, intending to relinquish all rights to the property, leaves it free to be appropriated by any other person. A finder of property ... is entitled to keep abandoned property." Hendle v. Stevens, 586 N.E.2d 826, 833 (Ill.App.Ct.1992). By escaping from the Fulton County Jail while on temporary release from Marion, Sellers made a conscious decision to relinquish all rights to his property held at Marion in an effort to avoid incarceration. It is inconceivable that Sellers could have intended to return to Marion at a later date to reclaim his property. Hence Sellers does not have a property interest arising under state law. Additionally, he does not point to an entitlement to his abandoned property arising from any federal prison regulations or any other applicable federal laws. Since Sellers gave up his interest in his personal property at Marion when he escaped from the Fulton County Jail, the Marion prison officials were entitled to dispose of his property without process. Accordingly, the district court's decision to enter summary judgment in favor of the defendants on Sellers' due process claim was not in error.
 
 
 14
 II. Dismissal of Sellers' Remaining Claims for Lack of Prosecution
 
 
 15
 Sellers next contends that district court improperly dismissed his remaining claims--his claims based on alleged inadequate medical treatment requesting relief under Bivens and the Federal Tort Claims Act--for lack of prosecution. We disagree.
 
 
 16
 The dismissal of a complaint for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure "is appropriate when there is 'a clear record of delay or contumacious behavior,' or when other sanctions have proved unavailing." 3 Penny Theater Corp. v. Plitt Theatres, Inc., 812 F.2d 337, 339 (7th Cir.1987) (citing Zaddack v. A.B. Dick Co., 773 F.2d 147, 150 (7th Cir.1985); Webber v. Eye Corp., 721 F.2d 1067, 1069 (7th Cir.1983)). See also Lockhart v. Sullivan, 925 F.2d 214, 217 (7th Cir.1991); Daniels v. Brennan, 887 F.2d 783, 785 (7th Cir.1989). Such a dismissal "is discretionary, and will not be overturned on appeal 'unless it is clear that no reasonable person could concur in the [district] court's assessment of the issues under consideration.' " Sisk v. United States, 756 F.2d 497, 499 (7th Cir.1985) (quoting Stevens v. Greyhound Lines, Inc., 710 F.2d 1224, 1229 (7th Cir.1983)).
 
 
 17
 While a prisoner bringing a civil action does not have the constitutional right to be present at the judicial proceedings regarding that action, Price v. Johnston, 334 U.S. 266, 285 (1948); Jones v. Hamelman, 869 F.2d 1023, 1029-30 (7th Cir.1989), " '[t]he fact that there is no constitutional right to be present in a civil action does not sanction the summary exclusion of a plaintiff-prisoner from the trial of his prison-connected civil rights claim.' " Jones, 869 F.2d at 1030 (quoting Stone v. Morris, 546 F.2d 730, 735 (7th Cir.1976)). The court " 'must weigh the interest of the plaintiff in presenting his testimony in person against the interest of the state in maintaining the confinement of the plaintiff-prisoner.' " Id. (quoting Stone, 546 F.2d at 735). Likewise, before dismissing a prisoner's action for lack of prosecution for failure to appear at trial, the district court should consider one of the following avenues to afford a disposal of the case on the merits: (1) issue a writ of habeas corpus ad testificandum to enable the plaintiff to attend the trial; (2) conduct a trial within the prison, if the plaintiff waives a trial by jury; (3) allow the presentation of evidence by deposition; (4) postponement of the trial until the plaintiff's sentence has been served; or (5) appointment of counsel to try the prisoner's case on his behalf. Heidelberg v. Hammer, 577 F.2d 429, 431 (7th Cir.1978).
 
 
 18
 In the instant action, the district court gave Sellers the option of having appointed counsel represent him at trial. The district court informed Sellers that this was the only way he could have his case tried:
 
 
 19
 Let me explain the problem. I cannot, if you want to dismiss Mr. Heise as your attorney--this is a civil case not a criminal case--you have a right to represent yourself, and I'm not going to force you. If you want Mr. Heise to be discharged, I'm going to discharge him. But before I do, I want to advise you of the circumstances and the possible consequences.
 
 
 20
 You know, we have made efforts to get you out and up here. The state of Texas won't let you go. I can't--you know, even if I did order the marshals to come and get you, Mr. Sellers, the state of Texas isn't going to let you go. And under the law, as I understand it in this circuit, I had to, under those circumstances, had to look at other alternatives in order to protect your rights, in order to have them brought before this Court. And the only alternative that I was able to see was to appoint an attorney, go down there, have your deposition taken and have your deposition introduced in court here and have your attorney here, be here and examine witnesses that the government may put on, cross examine, and to put on your case in your absence, because there's just no physical way to get you here.
 
 
 21
 (R. 304, Exhibit A at 7.) Nonetheless, Sellers refused to accept representation. Accordingly, the district court allowed counsel to withdraw and dismissed Sellers' case for lack of prosecution.
 
 
 22
 Sellers argues that the district court's belief that it could not effectuate his transfer was mistaken. Specifically, he contends that the district court could have ordered the Federal Marshals Service to transport him to the Southern District of Illinois pursuant to a writ of habeas corpus ad testificandum. Sellers asserts that had the district court ordered the Federal Marshals Service to provide for his transportation, the prison officials at the Wynne Correctional Unit would have approved his temporary release.
 
 
 23
 As the Supreme Court has held, a federal court does not have the authority to order the Federal Marshals Service to transport a state prisoner to the federal courthouse. Pennsylvania Bureau of Correction v. United States Marshals Service, 474 U.S. 34, 39 (1985); see also Ivey v. Harney, 47 F.3d 181, 184 (7th Cir.1995) ("[W]hen a state prisoner must be produced to attend a federal trial, the state is responsible for transportation."). As Sellers correctly points out, pursuant to the All Writs Act, 28 U.S.C. § 1651, a district court may order Federal Marshals to transport a state prisoner; but only under "exceptional circumstances in which a district court can show clearly the inadequacy of traditional habeas corpus writs...." Pennsylvania Bureau of Correction, 474 U.S. at 43. However, the district court never made any finding of "exceptional circumstances" warranting application of the All Writs Act. In any event, the district court made clear that even if it directed the Federal Marshals Service to transport Sellers, the State of Texas would not agree to Sellers' release.[2]
 
 
 24
 As a prisoner, Sellers has no constitutional right to be present at the trial of his own civil action. The district court was not required to issue a writ of habeas corpus ad testificandum to enable Sellers to attend trial. Although the court wished to effectuate Sellers' transfer to the Southern District of Illinois, the court determined that, even if the Federal Marshals were ordered to transport Sellers, Texas would not release him. There is no reason to question this assessment. Before dismissing Sellers' case for lack of prosecution, the district court gave Sellers the option of representation by court-appointed counsel. Counsel could have adequately litigated the case on Sellers' behalf. It is true that Sellers would not have been able to testify at the proceedings. However, his deposition was taken, and would have been admissible at trial. Clearly, the district court did not abuse its discretion in dismissing Sellers' case for lack of prosecution.
 
 
 25
 For the above-stated reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Sellers had been released from federal custody on July 9, 1991, and taken into custody by the State of Texas to begin serving a state-imposed sentence at the Wynne Correctional Unit in Huntsville, Texas
 
 
 [2]
 We note that the issue of whether a district court is authorized to force a state to comply with a writ of habeas corpus ad testificandum--whether in the instant case the court could have forced Texas to release Sellers--has not been decided by the federal courts. However, since Sellers presumes in his brief that the district court does not have such authority, we will refrain from deciding this issue