**Will ANDERSON and Kinston Kirk, Petitioners-Appellants,**

v.

**Harold G. MILLER, Warden, Respondent-Appellee.**

No. 84–2714.

United States Court of Appeals, Seventh Circuit.

Argued April 11, 1985.

Decided Aug. 2, 1985.[*]

Opinion Sept. 11, 1985.

---

* This appeal was originally decided by unreported order on August 2, 1985. See Circuit Rule 35. The Court has subsequently decided to issue the decision as an opinion.

Howard B. Eisenberg, Carbondale, Ill., for petitioners-appellants.

Laura J. Jones, Asst. U.S. Atty., Frederick J. Hess, U.S. Atty., East St. Louis, Ill., for respondent-appellee.

Before CUMMINGS, Chief Judge, FLAUM, Circuit Judge, and PECK, Senior Circuit Judge.**

CUMMINGS, Chief Judge.

This is an appeal of two federal prisoners from the district court's grant of summary judgment for defendant Harold G. Miller, dismissing their petitions for writ of habeas corpus. For the reasons set forth below we affirm the decision of the district court.

I

This matter was brought before United States Magistrate Kenneth J. Meyers, with the consent of the parties pursuant to 28 U.S.C. § 636(c). The habeas actions were consolidated in the district court. Plaintiffs currently are inmates incarcerated at the United States Penitentiary in Marion, Illinois. While they were incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania, the prisoners were charged with conspiracy to assault and murder another inmate. Although no criminal charges were filed against them, they were each found by the Institution Disciplinary Committee on May 10, 1983, to have violated institutional regulations and were subjected to administrative sanctions including transfer to the maximum security institution at Marion, Illinois. After imposition of the sanctions the prisoners filed certain administrative appeals with the Bureau of Prisons ("BOP") and ultimately petitions for writ of habeas corpus challenging the sanctions with the United States Court for the Middle District of Pennsylvania.

The Pennsylvania district court on October 11 and 12, 1983, entered judgment on the dismissal of the actions because the prisoners had failed to exhaust their administrative remedies with the Bureau of Prisons. See *Kirk v. Wilkerson, Warden, et al.*, No. 83–1043 (M.D.Pa. Oct. 11, 1983); *Anderson v. Wilkerson, Warden, et al.*, No. 83–0957 (M.D.Pa. Oct. 12, 1983). A second complaint was filed by Anderson on May 13, 1983, with the Pennsylvania court seeking an injunction and writ of mandamus concerning the investigation of the same Lewisburg assault and murder incident. The district court dismissed that complaint on March 12, 1984, for failure to prosecute. Apparently some time between May of 1983 and February of 1984, the prisoners were transferred from the Lewisburg to the Marion facility (Br. 3).

On February 24, 1984, plaintiffs filed the instant habeas petitions against the Marion, Illinois, prison warden, again challenging the imposition of sanctions arising out of the Lewisburg incident. The government sought dismissal of Anderson's petition on res judicata and failure to exhaust grounds but attacked Kirk's petition solely on the exhaustion ground. The district court entered a memorandum order on September 10, 1984, in which it construed the Warden's motions for dismissal as motions for summary judgment and granted summary judgment for the government. The district court concluded that both prisoners had failed to exhaust their administrative remedies and that such failure had become fatal to their petitions and alternatively ruled that the doctrine of res judicata required dismissal of Anderson's petition. The inmates then appealed to this Court.

II

■ This Court has held that federal prisoners are required to exhaust their federal administrative remedies prior to bring-

** The Honorable John W. Peck, Senior Circuit Judge of the United States Court of Appeals for the Sixth Circuit, is sitting by designation.

ing a petition for a writ of habeas corpus in federal court. *Jackson v. Carlson,* 707 F.2d 943, 949 (7th Cir.1983), certiorari denied, —— U.S. ——, 104 S.Ct. 189, 78 L.Ed.2d 167; see *Brice v. Day,* 604 F.2d 664, 667–668 (10th Cir.1979), certiorari denied, 444 U.S. 1086, 100 S.Ct. 1045, 62 L.Ed.2d 772 (1980); *Guida v. Nelson,* 603 F.2d 261, 262 (2d Cir.1979); *United States ex rel. Sanders v. Arnold,* 535 F.2d 848, 851 (3d Cir.1976); *Willis v. Ciccone,* 506 F.2d 1011, 1015 (8th Cir.1974). Although exhaustion is not strictly speaking a jurisdictional requirement and a court may waive the requirement and reach the merits of a particular case, *Jackson,* 707 F.2d at 949; 4 K. DAVIS, ADMINISTRATIVE LAW § 26:8 (1983), we see no reason to waive the requirement here.

■ The Bureau of Prisons has established a three-tier system of administrative remedy procedures whereby an inmate in a federal prison may seek review of a complaint which relates to any aspect of imprisonment. 28 C.F.R. § 542.10 (1984). Procedures for appeal are set out in 28 C.F.R. §§ 542.11–542.16 and in BOP Program Statement ("PS") 1330.7 (October 2, 1979).

Inmates must first file a formal written complaint with the relevant Warden on the appropriate form ("BP–9"). 28 C.F.R. § 542.13; PS 1330, ¶ 7b.[1] Subsequent appeals are available with the BOP Regional Director and General Counsel. 28 C.F.R. § 542.15.[2] Inmates must utilize the appropriate "BP–10" or "BP–11" forms to make these further appeals. PS 1330.7, ¶ 7b. The Program Statement also specifically requires that with an appeal to the Regional Director or General Counsel, the prisoner must attach to the relevant BP–10 or BP–11 form one copy of prior completed BP forms and their responses. PS 1330.7, ¶ 7b; see note 1. The district court of Pennsylvania (as well as Magistrate Meyers) based their findings of failure to exhaust on the prisoner's failure to submit completed BP–9 or BP–10 forms with their BP–11 forms. The inmates were notified of this defect (App. 17, 18, 30, 32).

There is no express statutory authority requiring the appeals procedure; the regulations themselves cite 28 U.S.C. § 509, and 18 U.S.C. §§ 4001, 4042, 4081, 4082, 5015 (repealed 1984), and 5039, which provide the Attorney General and BOP with au-

---

1. The regulation states in pertinent part:
   § 542.13  Initial filing.
   \* \* \* \* \* \*
   (b) *Filing.* If an inmate is unable to informally resolve his complaint, he may file a formal written complaint, on the appropriate form, within fifteen (15) calendar days of the date on which the basis of the complaint occurred. Where the inmate demonstrates a valid reason for delay, an extension in filing time shall be allowed. An extension in the time for filing shall be allowed when an inmate indicates and staff verify that a response to the inmate's request for copies of dispositions requested under section 8 of this Program Statement (§ 542.16) has not been received. An inmate may obtain assistance in preparation of his complaint or appeal from other inmates or from institution staff.
   28 C.F.R. § 542.13.
   The Program Statement states in pertinent part:
   Appeals to the Regional Director shall be made on Form BP–DIR–10 and shall include one copy of the BP–DIR–9 and response. The original case number shall be used on successive appeals. Appeals to the General Counsel shall be made on Form BP–DIR–11 and shall

include one copy of each Form BP–DIR–9, Form BP–DIR–10, and their responses. Appeals shall state specifically the reason for appeal. Appeals not utilizing the proper form, not completed or untimely filed will not be receipted, will not be given a case number, and will be returned to the inmate unanswered.
   PS 1330.7, ¶ 7b.

2. The regulation states in pertinent part:
   § 542.15  Appeals.
   *Filing.* If an inmate is not satisfied with the Warden's response, that response may be appealed on the appropriate form to the Regional Director within twenty (20) calendar days of the date of the Warden's response. If the inmate is not satisfied with the Regional Director's response, that response may be appealed on the appropriate form to the General Counsel within thirty (30) calendar days from the date of the Regional Director's response. Where a valid reason for delay is stated by an inmate these time limits may be extended. Appeal to the Office of General Counsel is the final administrative appeal in the Bureau of Prisons.
   28 C.F.R. § 542.15.

thority to manage and regulate federal prisons.

It is important to clarify what was decided in the Pennsylvania and Southern Illinois district court decisions. We read those decisions as holding that the inmates deliberately bypassed the administrative remedies available to them—*i.e.*, that no administrative appeal remained open to them, and not merely that they had failed to exhaust their administrative remedies. Magistrate Meyers' order is fairly clear on this point (App. 10–11). An analogy to the doctrines of waiver or deliberate bypass is appropriate in this context. See *Carbajol v. Fairman*, 700 F.2d 397, 399 (7th Cir. 1983); *Brice*, 604 F.2d at 668. The district court's ruling is a necessary consequence of the requirement of exhaustion of federal administrative remedies prior to requesting habeas relief. Although a "cause and prejudice" inquiry would also appear relevant here, see, *e.g.*, *Guzzardo v. Bengton*, 643 F.2d 1300, 1324 (7th Cir.1981), certiorari denied, 452 U.S. 941, 101 S.Ct. 3085, 69 L.Ed.2d 955, the issue was not argued by the inmates.

By October of 1983 (date of the Pennsylvania court's orders), the deadline for filing a proper appeal to the General Counsel had long passed, since the responses from the Regional Director were made on May 20, 1983 (App. 39) and August 11, 1983 (App. 20). The regulations provide that the inmate must appeal to the General Counsel within thirty days from the date of the Regional Director's response. 28 C.F.R. § 542.15. Although an agency may waive its own deadlines so as to permit exhaustion after the ordinary time for administrative appeals has expired, see *McGuinness v. United States Postal Service*, 744 F.2d 1318, 1321 (7th Cir.1984), here the relevant regulations, unlike those in *McGuinness*, *id.* at 1320, do not authorize any such waiver, and there is evidence in this case that the BOP expressly refused to waive or extend the deadline for filing an appeal to

the General Counsel (R. Item 17 (Davis Affidavit), App. 22, 30). Consequently there is no reason to remand this case to determine whether the inmates exhausted their appeals by further filings with the BOP subsequent to the Pennsylvania court's dismissal.[3] Nor should we direct that the dismissal of the prisoners' petitions be without prejudice, since any further attempt to exhaust would be futile.

We hold that the finding of a waiver or deliberate bypass was correct. Plaintiffs never assert that they exhausted their administrative remedies according to the BOP's established procedures. The petitioners appear to concede that completed BP–9 or BP–10 forms were not submitted with their appeal to the General Counsel (Br. 13–14, Reply Br. 3), contrary to the requirements of PS 1330.7. See *supra* note 1. The documents submitted by the prisoners and the record show that they were warned of this defect and twice were given extensions to submit the proper documentation (R. Item 29 of *Anderson v. Wilkerson* App. 17, 18, 30, 32). Affidavits submitted to the Southern Illinois district court state that these defects were never corrected and that the appeals process was not completed (R. Item 17, *Anderson v. Wilkerson*, and R. Item 15, *Kirk v. Wilkerson* (Davis Affidavits)).

The prisoners suggest that it would be appropriate to remand these cases to determine whether they had in fact failed to file the missing papers and if so to determine the reasons for the failure (Reply Br. 4). We fail to see what would be accomplished by such an inquiry and do not believe that it would be appropriate. If the petitioners encountered some extraordinary difficulty in rectifying the procedural defects of which they were twice warned, their dilemma should have been presented to the BOP and an extension of the filing time sought. See 28 C.F.R. § 542.15. It is not asserted that any such attempt was made. It is not

---

**3.** Thus even if prisoner Anderson is correct in asserting that his claim before the BOP in appeal MAR–0156–84 relates to the incident at Lewisburg (although it does not appear to),

those filings could not accomplish the necessary administrative exhaustion of a claim arising out of the Lewisburg murder and assault incident.

feasible for this Court to order a factual inquiry in this context solely based upon the suggestion on appeal that an inmate may have filed the necessary documents.

The prisoners' primary argument is that their appeal to the General Counsel should not have been rejected merely because of their failure to file completed BP–9 or BP–10 forms. They note they submitted "everything they ha[d]" to the General Counsel, that the General Counsel is in a better position than the inmates to obtain these documents and that they made a good faith effort to appeal (Br. 14). We recognize that there will be some difficulty encountered by prisoners acting *pro se* in complying with administrative requirements. We also must recognize that these requirements are a necessary part of maintaining an orderly and manageable prisoner dispute resolution system. The BOP's filing requirements are not unreasonable in view of the obvious need of the General Counsel to review the Warden's and Regional Director's responses to the claim before him.

The assertion that the requirements of the BOP Program Statement 1330.7, ¶ 7b, *supra* note 1, are inconsistent with the relevant regulations also must be rejected. The regulations provide that the Warden, Regional Director and General Counsel are required to: "Establish procedures for receiving, reviewing, investigating and responding to complaints or appeals submitted by an inmate." 28 C.F.R. § 542.11. The procedures set up by the BOP are a fair implementation of this mandate. In sum, the district court was correct in finding a deliberate bypass of administrative remedies and in entering judgment for defendant.[4]

---

The order of the district court is affirmed.

---

4. In view of our holding there is no need to consider whether the doctrine of res judicata would also bar Anderson's petition for writ of habeas corpus.

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be