Michael R. BAUER, Petitioner,

v.

G.L. HENMAN, Respondent.

No. 89–3121.

United States District Court,
S.D. Illinois.

Jan. 26, 1990.

Michael R. Bauer, Marion, Ill., pro se.

Laura J. Jones, Ass't U.S. Atty., Benton, Ill., for respondent.

## MEMORANDUM AND ORDER

STIEHL, District Judge:

Before the Court is a Report and Recommendation of United States Magistrate Philip M. Frazier that respondent's motion to dismiss be granted and petitioner's request for appointment of counsel be denied. Petitioner has filed objections to the magistrate's report; therefore, the Court will make a de novo review of those portions of the record to which objections were made, pursuant to 28 U.S.C. sec. 636(b)(1).

On December 20, 1984, William Finley, an inmate at the United States Correctional Institution in Sandstone, Minnesota was stabbed to death in the prison. Shortly thereafter petitioner was placed in administrative segregation and charged with the killing of inmate Finley. On approximately February 14, 1985, the Institution Disciplinary Committee (IDC) found petitioner guilty of the prohibited act of killing in connection with the death of Finley. The IDC imposed sanctions on petitioner including forfeiture of 100 percent of his available statutory "good time," placement in disciplinary segregation for 60 days, and the recommendation that he be referred for disciplinary transfer to another institution.

On March 7, 1985, petitioner was indicted by a grand jury in Minnesota and tried for murder, conspiracy to commit first degree murder, and possession of a weapon by an inmate. The jury convicted petitioner of those charges and he was sentenced to life imprisonment.

On August 3, 1985, petitioner was transferred to the United States Penitentiary in Marion, Illinois. Following a hearing on charges stemming from the killing of Finley, petitioner was placed in the "control unit," where he currently resides.

Petitioner, acting pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. sec. 2241, alleging that his Fourth, Fifth and Sixth Amendment rights were violated with regard to the IDC proceeding at Sandstone. Specifically, he alleges that: (1) he was never given a copy of the charges against him; (2) was never given any information concerning the evidence to be used against him; (3) was not allowed an attorney to represent him (though he acknowledges that he was represented by a staff representative); and (4) was placed in a cell adjacent to government agents who intentionally solicited incriminating evidence later used against him. Petitioner also alleges violation of the double jeopardy provision of the Fifth Amendment in that, upon his arrival at USP–Marion, he was sentenced to 48 months in the control unit based on the same charges for which sanctions had already been imposed at Sandstone and for which he had been tried and convicted by a jury. Respondent does not contest any of the factual allegations set out above, but has moved the court to dismiss the petition pursuant to Fed.R. Civ.P. 12(b)(6) on the grounds that petitioner has failed to exhaust his administrative remedies.

The Bureau of Prisons has established a three-tier system of administrative remedy procedures whereby an inmate in a federal prison may seek review of a complaint which relates to any aspect of imprisonment. *See Anderson v. Miller,* 772 F.2d 375, 377 (7th Cir.1985), *cert. denied,* 475 U.S. 1021, 106 S.Ct. 1210, 89 L.Ed.2d 322 (1986), *citing,* 28 C.F.R. sec. 542.10 (1989). These procedures are set out in 28 C.F.R. secs. 542.11–542.16, and in Bureau of Prisons Program Statement 1330.7 (Oct. 2, 1979). Inmates must first file a formal written complaint, within 15 days of the date on which the basis of the complaint occurred, with the relevant warden on the appropriate form (BP–9). 28 C.F.R. sec. 542.13(b). If the inmate is not satisfied with the warden's response, he or she may appeal on the appropriate form (BP–10) to the Regional Director within 20 calendar days of the date of the warden's response. 28 C.F.R. sec. 542.15. If the inmate is not satisfied with the Regional Director's response, he or she may appeal on the appropriate form (BP–11) to the General Counsel within 30 calendar days of the date of the Regional Director's response. 28 C.F.R. sec. 542.15. Appeals relative to Control Unit placement may be filed directly with the General Counsel. 28 C.F.R. sec. 542.-13(d).

Here, it is not contested that petitioner filed a formal written complaint with the warden at Sandstone objecting to the procedures used by the IDC in adjudging him guilty of the killing of inmate Finley. The warden, M.R. Lacy, denied petitioner's appeal in a response dated March 25, 1985. On September 3, 1985 the Regional Director, G.C. Wilkinson, received petitioner's BP–10 appeal. Noting that such an appeal must be received within 20 days of the date of the warden's response to the BP–9 appeal, he returned petitioner's appeal unanswered for failing to appeal in a timely manner. Petitioner did not file a BP–11 appeal, nor any other administrative appeal prior to his filing of the petition for habeas corpus presently before the Court.

In recommending that respondent's motion to dismiss be granted, the magistrate relied on *Greene v. Meese,* 875 F.2d 639 (7th Cir.1989), and held that complete exhaustion of administrative remedies is mandatory before seeking relief in federal court.

In *Sanchez v. Miller,* 792 F.2d 694, 699 (7th Cir.1986), *cert. denied,* 479 U.S. 1056, 107 S.Ct. 933, 93 L.Ed.2d 984 (1987), the court reaffirmed that a federal prisoner challenging a disciplinary proceeding within a federal institution must exhaust his or her administrative remedies before seeking federal habeas relief. The Court stated: "In addition, we hold that, if the prisoner has failed to exhaust and the administrative process is now unavailable, his habeas claim is barred unless he can demonstrate cause and prejudice." *Id.* at 699. Under this standard, cause requires that a defendant explain why he or she has not complied with the procedural requirements, and the defendant must also have been actually prejudiced by the alleged constitutional violation. *Bryan v. Warden, Indiana State Reformatory,* 820 F.2d 217, 221 (7th Cir.), *cert. denied,* 484 U.S. 867, 108 S.Ct. 190, 98 L.Ed.2d 142 (1987) (failure to comply with state procedure). *See also Anderson,* 772 F.2d at 378–79.

■ As to petitioner's allegations concerning the IDC procedures at Sandstone, because more than 30 days have passed since the date of the Regional Director's response to petitioner's BP–10 appeal, the administrative process is now unavailable to him. Having failed to exhaust his remedies by filing a BP–11 appeal, he will be barred from asserting his habeas corpus claim unless he can show "cause and prejudice."

Petitioner alleges that on March 7, 1985, he was taken to the Ramsey County Jail in St. Paul, Minnesota, and, a week later, to the Federal Detainee Unit in Stillwater, Minnesota to await trial on the murder, conspiracy, and possession of weapon charges. He asserts that while being held in these facilities he was denied access to his mail and to his legal materials. He further alleges that upon his transfer to USP–Marion on August 3, 1985, access to

his mail and legal materials was restored, allowing him to complete his BP–10 appeal.

Though not specifically stated, it is clear that petitioner is arguing that it was impossible for him to file a timely BP–10 appeal, because during the entire 20 day period following the warden's response, he was being held in Minnesota without access to his mail or legal materials. Such circumstances may well provide a sufficient basis for a finding of "cause" where they are the sole explanation for a habeas corpus petitioner's failure to exhaust.

It is not necessary to so hold here, however, because petitioner's failure to exhaust his administrative remedies is not limited to his failure to file a timely BP–10 appeal. Petitioner had 30 days to file a BP–11 appeal. He offers no explanation for his failure to attempt such an appeal, conceding that upon receiving his BP–10 appeal unanswered, his next step was to file a petition for habeas corpus. As the Seventh Circuit stated: "We recognize that there will be some difficulty encountered by prisoners acting pro se in complying with administrative requirements. We also must recognize that these requirements are a necessary part of maintaining an orderly and manageable prisoner dispute resolution system." *Anderson,* 772 F.2d at 379; *c.f. Brown v. Rison,* 673 F.Supp. 1505, 1507 (C.D.Cal.1987). The Court concludes that petitioner has not shown "cause" for his failure to exhaust his administrative remedies with regard to his objection to the procedures used by the IDC at Sandstone.

■ Petitioner's claim that his placement in the Control Unit upon arrival at USP–Marion on August 3, 1985, violated the proscription against double jeopardy contained in the Fifth Amendment must also be dismissed for his failure to exhaust his administrative remedies. Just as with a prisoner's initial BP–9 appeal, it is assumed here (though the rules do not explicitly state it) that a prisoner's direct appeal to the General Counsel regarding placement in a Control Unit must be filed within fifteen days of the date on which the basis for the complaint arose. *See* 28 C.F.R. sec. 542.13(d). Petitioner concedes that he nev-

er attempted such an appeal. His explanation for this failure is that it would have been repetitious, and would have further delayed his petition for habeas corpus to have done so. This explanation does not amount to "cause" sufficient to excuse petitioner's failure to exhaust his administrative remedies.

■ Because any further attempt by petitioner to attempt to exhaust the Bureau of Prison's administrative procedures would be futile, *Anderson,* 772 F.2d at 378, dismissal without prejudice is inappropriate.

■ Regarding petitioner's request for appointment of counsel, the Court notes that there is no absolute right to appointment of counsel in civil cases. *Caruth v. Pinkney,* 683 F.2d 1044, 1048 (7th Cir. 1982); *Cook v. Bounds,* 518 F.2d 779 (4th Cir.1975); *Peterson v. Nadler,* 452 F.2d 754 (8th Cir.1971); *Bethea v. Crouse,* 417 F.2d 504 (10th Cir.1969). Under 28 U.S.C. sec. 1915(d), the Court may request an attorney to represent a party who is proceeding in forma pauperis in a civil case, but that section contains no provision for compensation of counsel. In *Heidelberg v. Hammer,* 577 F.2d 429 (7th Cir.1978), the Court recognized that the question of whether to request an attorney to represent a plaintiff in accordance with 28 U.S.C. sec. 1915(d) rests in the sound discretion of the district court "unless denial would result in fundamental unfairness impinging on due process rights." 577 F.2d at 531. The Court may only request counsel to represent an indigent if the likelihood of success is more than just doubtful. *Miller v. Pleasure,* 296 F.2d 283, 284 (2d Cir. 1961), *cert. denied,* 370 U.S. 964, 82 S.Ct. 1592, 8 L.Ed.2d 830 (1962).

■ There are five factors which a district court should consider in ruling on a request to appoint counsel. Those factors are (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4)

capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint. *See Merritt v. Faulkner*, 697 F.2d 761 (7th Cir. 1983); *McKeever v. Israel*, 689 F.2d 1315 (7th Cir.1982); *Maclin v. Freake*, 650 F.2d 885 (7th Cir.1981) (per curiam); *Wilson v. Duckworth*, 716 F.2d 415 (7th Cir.1988).

■ Petitioner has offered no reasons as to why counsel should be appointed other than to restate the five factors cited above. The Court finds that petitioner did not need the assistance of counsel in order to pursue his administrative remedies. Therefore, in applying the above standards to the instant case, the Court is of the opinion that appointment of counsel is not warranted.

Accordingly, the Court ADOPTS the recommendation of the magistrate to the extent that respondent's motion to dismiss is GRANTED. However, petitioner's writ of habeas corpus is DISMISSED with prejudice. Petitioner's request for appointment of counsel is DENIED.

IT IS SO ORDERED.