914 F.2d 260
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William D. DUNNE, Petitioner-Appellant,
v.
Gary L. HENMAN, Warden, Respondent-Appellee.
 No. 89-2591.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 29, 1990.
Decided Sept. 14, 1990.
 ORDER
 
 1
 Petitioner Dunn appeals the district court's order adopting a magistrate's Report and Recommendation and dismissing his habeas petition under 28 U.S.C. Sec. 2241 for deliberate bypass of his administrative remedies resulting in a procedural default. We affirm.
 
 
 2
 Dunn, a prisoner at the United States Penitentiary Marion, sought a writ of habeas corpus, contending that disciplinary proceedings against him were procedurally inadequate and resulted in disproportionate punishment. The warden filed a motion to dismiss for failure to exhaust administrative remedies which was referred to a magistrate. Magistrate Frazier made a report and recommendation to which the petitioner filed objections. After a de novo review, pursuant to 28 U.S.C. Sec. 636(b)(1), the district judge found that Dunn had deliberately bypassed his administrative remedies and procedurally defaulted. Finding no good cause for the default the court declined to reach the merits of Dunn's petition; the judge dismissed the petition and adopted the magistrate's Report and Recommendation.
 
 
 3
 Federal prisoners are required to exhaust administrative remedies or show cause why they have not done so before a court will adjudicate a petition for a writ of habeas corpus. Greene v. Meese, 875 F.2d 639, 640-41 (7th Cir.1989); Del Raine v. Carlson, 826 F.2d 698, 703 (7th Cir.1987). 28 C.F.R. Secs. 542.10 et seq. and Bureau of Prisons Policy Statement 1330.7 establishes the three tiered administrative remedy procedure for all inmates at federal prisons. First, an inmate must file a formal written complaint on the appropriate form (BP-9) to which the warden must respond within 15 days. If not satisfied, a prisoner may appeal to the Regional Director by filing a BP-10 form along with copies of the BP-9 and the warden's response. If still not satisfied, an inmate may file a BP-11 appeal to the General Counsel of the Bureau of Prisons which must be accompanied by the BP-9, BP-10 and the responses thereto. The regulations provide that a lack of a response to the BP-9 may be considered a denial at that level and a BP-10 may be filed without the warden's response; however the regulations make no allowance for refusing to attach late responses to subsequent appeals.
 
 
 4
 In this case, the warden's response was made one day late. Dunn filed his BP-10 the same day without attaching this response and refused to provide it later, claiming that the fact that it was untimely rendered it legally non-existent. The Regional Director obtained a copy of it on their own and proceeded to deny the appeal. Dunn then filed a BP-11 to the General Counsel again refusing to attach the warden's response. The General Counsel informed him of the defect and allowed Dunn an extension of time to submit the necessary response. Dunn refused to comply with the regulations and the appeal process was not completed. Instead, he filed the instant petition for a writ of habeas corpus.
 
 
 5
 On appeal, Dunn claims that his refusal to attach the warden's response to his administrative appeal to his subsequent appeals to the Regional Director of the Bureau of Prisons and the General Counsel's Office as required by 28 C.F.R. Secs. 542.10-542.16 and Program Statement 1330.7 was not a deliberate bypass of those administrative remedies. However, it is clear that Dunn's refusal to comply with the administrative procedures after being given ample opportunity to do so is a procedural default precluding habeas relief, see Anderson v. Miller, 772 F.2d 375, 378 (7th Cir.1985), cert. denied, 475 U.S. 1021 (1986), which can be excused only upon a showing of cause and prejudice. Murray v. Carrier, 106 S.Ct. 2639, 2644 (1986). Dunn has shown no external factor, other than his own refusal to comply, which precluded him from complying with the procedural requirements and the cause requirement has not been met. The district court properly dismissed the petition.
 
 
 6
 For the reasons stated in the district court's Memorandum and Order, and the magistrate's Report and Recommendation which we attach as an appendix, the judgment of the district court is AFFIRMED.
 
 APPENDIX
 
 7
 IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
 
 DISTRICT OF ILLINOIS
 
 8
 WILLIAM D. DUNNE, Petitioner,
 
 
 9
 v.
 
 
 10
 GARY L. HENMAN, Respondent.
 
 
 11
 CAUSE NO. 87-3721.
 
 MEMORANDUM AND ORDER
 STIEHL, District Judge:
 
 12
 Before the court is a Report and Recommendation of United States Magistrate Philip M. Frazier that the Court grant respondent's Motion to Dismiss for failure to exhaust administrative remedies. Petitioner has filed objections to the magistrate's report; therefore, the Court will make a de novo review of those portions of the record to which objections were made pursuant to 28 U.S.C. Sec. 636(b)(1).
 
 
 13
 Petitioner, an inmate at USP-Marion, is seeking habeas corpus relief pursuant to 28 U.S.C. Sec. 2241, alleging that disciplinary proceedings instituted against him at USP-Marion were procedurally inadequate and resulted in disproportionate punishment. Petitioner was charged with "refusing to obey an order," arising from an alleged refusal to approach the exercise yard gate and submit to restraint. The Institution Disciplinary Committee found petitioner guilty and imposed sanctions. Petitioner was confined in disciplinary segregation for seven days and had 90 days clear conduct credit suspended.
 
 
 14
 Respondent's Motion to Dismiss and Supplement thereto are based on the contention that petitioner has failed to exhaust his administrative remedies. When, as here, a federal prisoner is seeking habeas review, he cannot be required to exhaust state remedies. However, he is required to exhaust his federal administrative remedies, that is, his remedies within the prison system. DelRaine v. Carlson, 826 F.2d 698, 703 (7th Cir.1987); Sanchez v. Miller, 792 F.2d 694, 697 (7th Cir.1986).
 
 
 15
 The requirements for processing administrative grievances within USP-Marion are set forth in 28 C.F.R. Secs. 542.10-542.16 and Program Statement 1330.7. Inmates must first file a formal written complaint on the appropriate form (BP-9) within 15 days of the date on which the basis of the complaint occurred. If the inmate is not satisfied with the Warden's response, he may appeal on the appropriate form (BP-10) to the Regional Director within 20 days of the date of the Warden's response. If the Warden does not respond to the BP-9 within the time allotted, normally 15 days, the inmate is entitled to consider the absence of a response as a denial and proceed with his grievance by submitting a BP-10 to the Regional Director. If the inmate is not satisfied with the Regional Director's response, he may appeal on the appropriate form (BP-11) to the General Counsel within 30 days of the Regional Director's response. 28 C.F.R. Secs. 542.14, 542.15.
 
 
 16
 Program Statement 1330.7 requires that appeals be presented in the following form:
 
 
 17
 Appeals to the Regional Director shall be made on Form BP-DIR-10 and shall include one copy of the BP-DIR-9 and response. The original case number shall be used on successive appeals. Appeals to the General Counsel shall be made on Form BP-DIR-11 and shall include one copy of each Form BP-DIR-9, BP-DIR-10, and their responses. Appeals shall state specifically the reason for appeal.
 
 
 18
 P.S. 1330.7, p 7(b).
 
 
 19
 In the present case, petitioner properly appealed from the Institution Disciplinary Committee's decision to the Warden using Form BP-9. The Warden failed to respond within 15 days, petitioner submitted his appeal on Form BP-10 to the Regional Director, as provided by 28 U.S.C. Sec. 542.14. When his BP-10 appeal was denied, petitioner appealed to the General Counsel, using Form BP-11. Although he had by this time received the Warden's response to his BP-9, petitioner did not include it with his Form BP-11, determining that is was "legally nonexistent" and "unworthy of consideration." Upon receipt of petitioner's Form BP-11, the Office of the General Counsel rejected the appeal on the basis that the Warden's response to petitioner's Form BP-9 was not included.
 
 
 20
 The procedures established by the Bureau of Prisons require that appeals to the General Counsel shall include copies of Forms BP-9, BP-10, and their responses. BOP Program Statement (P.S.) 1330.7, p 7(b). The only exception to this requirement is where the inmate has not yet received a response. P.S. 1330.7, p 6(6). In the present case, petitioner had received the Warden's response by the time he submitted his Form BP-11 to the General Counsel. Despite petitioner's vast familiarity with the Bureau of Prisons' appeal system, it is not his place to determine the legal existence of non-existence of the Warden's response in this case. Nowhere in the Code of Federal Regulations, the Program Statements, or the relevant case law is there an entitlement to allow a prisoner to completely disregard a Warden's response, even if it has been received after the initial 15 day response period. Therefore, the Court finds that petitioner was not justified in refusing to include the Warden's response with his Form BP-11.
 
 
 21
 Moreover, the Court notes that the General Counsel gave petitioner additional time in which to correct his procedural error. In response, petitioner refused to resubmit his appeal in proper form, instead, choosing to file this suit for habeas review. The Court finds that such refusal is not merely a failure to exhaust administrative remedies, but rather an attempt to deliberately bypass them. Therefore, petitioner's actions must be construed as a procedural default by petitioner. Anderson v. Miller, 772 F.2d 375, 378 (7th Cir.1985), cert. denied, 475 U.S. 1021 (1986).
 
 
 22
 Petitioner's procedural default may be excused if he can establish cause for and prejudice resulting from his procedural default. Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639, 2644 (1986). In order to establish the existence of cause, the prisoner must prove that some external factor or force precluded compliance with the procedural requirement. Id. at 2646. Clearly, such cause is absent here. Not only was petitioner not precluded from meeting the procedural requirement, but the General Counsel even gave him additional time in which to comply. Therefore, the Court finds that petitioner has failed to establish good cause for his procedural default. Lacking good cause, this Court cannot consider the merits of petitioner's claim for habeas corpus relief. Anderson, 772 F.2d at 378.
 
 
 23
 Accordingly, the Court ADOPTS the magistrate's Report and Recommendation. Respondent's Motion to Dismiss is GRANTED and this petition is DISMISSED.
 
 
 24
 IT IS SO ORDERED.
 
 DATED: 18 July 1989
 APPENDIX
 CV NO. 87-3721
 
 25
 Sept. 2, 1989.
 
 REPORT AND RECOMMENDATION
 PHILIP FRAZIER, UNITED STATES MAGISTRATE:
 
 26
 This cause is before the Court on respondent's Motion to Dismiss and Supplement thereto (Docs. # 10 and # 13). Petitioner, William D. Dunne, is an inmate at the United States Penitentiary in Marion, Illinois (USP-Marion). Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. Sec. 2241, contending that disciplinary proceedings instituted against him at USP-Marion were procedurally inadequate and resulted in disproportionate punishment. Petitioner was charged with "refusing to obey an order," in that he refused to approach the exercise yard gate and submit to restraint. The Institution Disciplinary Committee found plaintiff guilty and imposed sanctions consisting of confinement in disciplinary segregation for seven days and suspension of 90 days clear conduct credit.
 
 
 27
 Respondent's Motion to Dismiss is based on the contention that petitioner has failed to exhaust his administrative remedies, thereby precluding habeas review in this Court. Jackson v. Carlson, 707 F.2d 943, 949 (7th Cir.1983).
 
 
 28
 The requirements for processing administrative grievances within USP-Marion are set forth in 28 C.F.R. Secs. 542.10 through 542.16 and Program Statement 1330.7. Inmates must first file a formal written complaint on the appropriate form (BP-9) within 15 days of the date on which the basis of the complaint occurred. If the inmate is not satisfied with the Warden's response, he may appeal on the appropriate form (BP-10) to the Regional Director within 20 days of the date of the Warden's response. If the Warden does not respond to the BP-9 within the time allotted, normally 15 days, the inmate is entitled to consider the absence of a response as a denial and proceed with his grievance by submitting a BP-10 to the Regional Director. If the inmate is not satisfied with the Regional Director's response, he may appeal on the appropriate form (BP-11) to the General Counsel within 30 days of the Regional Director's response. 28 C.F.R. Secs. 542.14, 542.15.
 
 
 29
 Program Statement 1330.7 requires that appeals be presented in the following form:
 
 
 30
 Appeals to the Regional Director shall be made on Form BP-DIR-10 and shall include one copy of the BP-DIR-9 and response. The original case number shall be used on successive appeals. Appeals to the General Counsel shall be made on Form BP-DIR-11 and shall include one copy of each Form BP-DIR-9, Form BP-DIR-10, and their responses. Appeals shall state specifically the reason for appeal.
 
 
 31
 P.S. 1330.7, par. 7(b).
 
 
 32
 In this case, petitioner appealed the Institution Disciplinary Committee's decision to the Warden using Form BP-9. When the Warden did not respond to plaintiff's grievance in a timely manner, petitioner submitted his appeal on Form BP-10 to the Regional Director, as he was entitled to do. When his BP-10 appeal was denied, petitioner submitted his BP-11 to the General Counsel. Although he had by this time received the Warden's response to his BP-9, petitioner did not submit the Warden's response on the basis that it was untimely and hence "unworthy of consideration." Upon receipt of the BP-11, the Office of the General Counsel rejected the appeal on the basis that the Warden's response to petitioner's BP-9 had not been included. The General Counsel gave petitioner additional time to resubmit his appeal in proper form. Petitioner did not resubmit his appeal to the General Counsel.
 
 
 33
 The procedures established by the Bureau of Prisons require that appeals to the General Counsel shall include copies of Forms BP-9, BP-10, and their responses. P.S. 1330.7, par. 7(b). The only exception to this requirement is where the inmate has not yet received a response. P.S. 1330.7, par. 6(b). Appeals which are not complete will not be receipted, will not receive a case number, and will be returned to the inmate unanswered. P.S. 1330.7, par. 7(b).
 
 
 34
 Petitioner was notified that his appeal to the General Counsel was in an unacceptable form, yet he refused to resubmit his appeal in proper form within the time allotted. His refusal to follow proper procedure in pursuing his appeal to the General Counsel must be construed as a procedural default. Anderson v. Miller, 772 F.2d 375, 378 (7th Cir.1985) (failure to exhaust administrative remedies according to established procedure precludes habeas relief).
 
 
 35
 Petitioner's procedural default may be excused if he can establish cause for and prejudice resulting from his procedural default. Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639, 2644 (1986). The "cause" requirement is met where there is proof that some external factor or force precluded compliance with the procedural requirement. No "cause" can be established in this case. Petitioner was fully capable of processing his grievance through administrative channels according to the required procedures. He had the ability and opportunity to submit the Warden's response to his BP-9 to the General Counsel but chose not to do so. His choice precludes this Court from considering the merits of his claim for habeas corpus relief. Anderson v. Miller, 772 F.2d at 378.
 
 
 36
 For the foregoing reason, IT IS RECOMMENDED that respondent's Motion to Dismiss be GRANTED and that this Petition be DISMISSED for failure to exhaust administrative remedies.
 
 
 37
 ---------------
 
 
 
 1 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record.