946 F.2d 901
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joseph C. SUN, Plaintiff-Appellant,
v.
FEDERAL BUREAU OF PRISONS; Michelle Allport; Lt. Tyndall;
J. Griswold; Ed Hughes; Lt. Kolatson; Lt. Bailey;
Anthony Belaski; Ruy Martinez; Joseph Finkleman; Rick
Veach; Joy Curry; Anthony Boyd; J. Lighty; P.L.
Ferlazzo; L.E. Debois, Defendants-Appellees.
 No. 91-1101.
 United States Court of Appeals, Tenth Circuit.
 Oct. 18, 1991.
 
 Before McKAY, Chief Judge, EBEL, Circuit Judge, and SAFFELS,* District Judge.
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Pro se Plaintiff Joseph C. Sun appeals the district court's dismissal of his complaint against various prison officials and inmates at the Federal Correctional Institution in Englewood, Colorado. His original Complaint was referred to a magistrate judge, who recommended dismissal because he found Sun had failed to exhaust his federal administrative remedies and, even assuming proper exhaustion, because Sun's Complaint failed to state a claim upon which relief may be granted.
 
 
 3
 Sun filed an Amended Complaint, and also filed objections to the magistrate judge's recommendation. The district court dismissed Sun's Amended Complaint, adopting the magistrate judge's recommendation. The district court also noted that Sun's complaint "must be dismissed for failure to comply with Fed.R.Civ.P. 8." We construe Sun's pro se complaint liberally, as required by Haines v. Kerner, 404 U.S. 519 (1972). We affirm in part, reverse in part, and remand.
 
 
 4
 First, we address the district court's dismissal for lack of exhaustion. We review this issue de novo. See Fox v. Kelso, 911 F.2d 563, 568 (11th Cir.1990) (habeas corpus suit; exhaustion of state court remedies). Federal prisoners must exhaust their administrative remedies before bringing their claims to federal court. Brice v. Day, 604 F.2d 664, 666-668 (10th Cir.1979), cert. denied, 444 U.S. 1086 (1980), see Anderson v. Miller, 772 F.2d 375, 376-77 (7th Cir.1985) (habeas context), cert. denied, 475 U.S. 1021 (1986). However, this exhaustion requirement is not jurisdictional, and the court may waive it. See Harris v. Champion, 938 F.2d 1062, 1068-69 (10th Cir.1991) (exhaustion of state court remedies); Anderson, 772 F.2d at 377.
 
 
 5
 Sun filed two Declarations with the district court, attaching copies of various Requests for Administrative Remedy and decisions on appeal to the regional director. His first Declaration also alleges that some of his requests were returned "using pretense to obstruct the administrative process." He contends that his requests were returned to him outside of the required fifteen-day filing period in "a calculated scheme to deny my constitutional right to due process by the institution." Additionally, in his objections to the magistrate judge's recommendation, he reiterates these allegations and claims that he has met the burden of exhaustion. These claims are repeated in his Amended Complaint.
 
 
 6
 Nonetheless, the district court failed to address these contentions. We believe that Sun's allegations make a colorable claim that the prison administrative staff may be responsible to some extent for Sun's failure to meet the strict exhaustion requirements called for in Brice and discussed in the magistrate judge's recommendation.
 
 
 7
 The extent of use of the administrative remedies is to be within our prior decisions on this subject. This is to include our decisions which indicate when such procedure cannot be required. It is apparent that there must be a liberal application of the requirement if attempts to use the procedure should be thwarted by prison officials.
 
 
 8
 Brice, 604 F.2d at 667.
 
 
 9
 We remand this issue to the district court for further consideration in accordance with this order and judgment. On remand, the district court should make findings regarding Sun's efforts to exhaust his claims at the administrative level. The district court should take into account Sun's allegations of purposeful obstruction of his attempts to file and appeal his complaints, his allegations of retaliation, and his current limited ability to obtain copies of administrative dispositions of his claims.[1] Following its findings on this matter, in determining whether Sun has met his burden to exhaust or whether exhaustion should be waived in this case, the district court should articulate its reasoning. In making this determination, the district court should consider the applicable law in this area. See Anderson, 772 F.2d at 378 (discussing the use of deliberate bypass and cause-and-prejudice analyses in examining exhaustion waiver issues).
 
 
 10
 Because the magistrate judge's recommendation, adopted by the district court, relies on Fed.R.Civ.P. 12(b)(6) as an alternative basis for its dismissal, we also review that ruling here. Our review of the dismissal of Sun's complaint for failure to state a claim is de novo. Williams v. Meese, 926 F.2d 994, 997 (10th Cir.1991) (citing Morgan v. City of Rawlins, 792 F.2d 975, 978 (10th Cir.1986)). We can affirm the district court's dismissal of Sun's complaint under Rule 12(b)(6) only if, accepting all well-pleaded factual allegations as true and construing them in a light most favorable to Sun, we determine that Sun can prove no set of facts in support of his claim which would entitle him to relief. Id.
 
 
 11
 It is clear that the magistrate judge misinterpreted Sun's original Complaint. In his recommendation, the magistrate judge characterized the complaint as alleging a conspiracy for the violation of due process rights "apparently [ ] founded upon subsection (3) of 42 U.S.C. § 1985." We do not believe Sun's complaint should be interpreted so limitedly. First, while Sun did identify 42 U.S.C. §§ 1985, 1986 and 1988 as part of the jurisdictional basis for his suit, he also identified 28 U.S.C. §§ 1331 and 1343.[2] Regardless of the jurisdictional bases listed by Sun, however, his pleadings should be held to a lesser standard than those drafted by attorneys. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991).
 
 
 12
 [T]his rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.
 
 
 13
 Id. (footnote omitted); see Walden v. Bartlett, 840 F.2d 771, 775 (10th Cir.1988).
 
 
 14
 We believe that Sun's factual recitations state various Bivens claims against the defendants,[3] both individually and in concert. In his original and amended complaints, Sun clearly and organizedly set out factual allegations which, if true, state claims of retaliation against the exercise of his constitutional rights. See Williams, 926 F.2d at 998 (prisoner's complaint alleging discrimination and retaliation for filing prison grievances sufficient to state Bivens claims for deprivation of fifth amendment equal protection rights and first amendment rights); Frazier v. Dubois, 922 F.2d 560, 561-62 (10th Cir.1990) (same, transfer to another prison); Smith v. Maschner, 899 F.2d 940, 947 (10th Cir.1990) (retaliation against prisoners for exercise of constitutional rights constitutes separate cause of action under section 1983), and cases cited therein.
 
 
 15
 The magistrate judge recommended dismissing Sun's complaint because his conspiracy claims under 42 U.S.C. § 1985 were vague and conclusory and because he did not identify himself as a member of a group as required by the case law interpreting that statute. See Pitts v. Board of Educ., 869 F.2d 555, 557 (10th Cir.1989). We agree with the magistrate judge that Sun's reliance on § 1985 is misplaced. To the extent Sun's complaint can be interpreted as alleging conspiracy under 42 U.S.C. § 1985, we affirm the magistrate's dismissal of that claim. However, the magistrate failed to consider that Sun may have stated a claim for conspiracy to deprive him of various constitutional rights outside of the § 1985 context. We believe that Sun's factual allegations, when read together, could support a claim of conspiracy to retaliate against him for filing administrative grievances.
 
 
 16
 On remand, the district court should carefully review Sun's Amended Complaint and determine the various claims his factual allegations may support. In our review of the Amended Complaint, we believe that Sun has properly and adequately stated various claims, including, for example, a Bivens claim of retaliation for filing administrative grievances, in violation of his first and fifth amendment rights. We do not list the claims that Sun may have stated; that determination is for the trial court in the first instance. The discussion in this order and judgment should not be read to limit in any way the interpretation of Sun's Amended Complaint. We do not suggest that the district court act as Sun's advocate in this matter, see Hall, 935 F.2d at 1110; nonetheless,
 
 
 17
 [i]t is the practice in this Circuit for the trial courts to restructure petitions in pro se proceedings to conform to what a preliminary view indicates the real issues to be. The recitations or the form in which the pro se petition is initially cast is not determinative and cannot be.
 
 
 18
 Brice, 604 F.2d at 667. On remand, the district court should consider the possibly preclusive effect of our ruling in Sun v. Tucker, No. 90-1087, slip op. (10th Cir. Oct. 18, 1991), insofar as it dismisses claims against Defendant J. Griswold. See N.A.A.C.P. v. Hunt, 891 F.2d 1555, 1560 (11th Cir.1990).
 
 
 19
 Finally, we reject the district court's conclusion that Sun's Amended Complaint should be dismissed because it fails to meet the strictures of Fed.R.Civ.P. 8. Many of Sun's previous complaints were dismissed with notations by the district court that his pleadings were vague and conclusory and lacked factual support. See, e.g., Sun v. Belaski, 933 F.2d 1019 (10th Cir.1991) (unpublished disposition). Sun has attempted to correct that defect by alleging specific facts. See Hall, 935 F.2d at 1110. Though numerous, his allegations are well-organized and not difficult to understand. We believe Sun, as a pro se plaintiff, has met Rule 8's requirements.
 
 
 20
 The judgment of the United States District Court for the District of Colorado is AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Sun was transferred out of the Englewood correctional institution on July 26, 1990
 
 
 [2]
 Additionally, Sun's Amended Complaint adds 28 U.S.C. § 2241 and 42 U.S.C. § 1983 as jurisdictional bases
 
 
 [3]
 In Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), the Supreme Court found an implied right of action against federal officials for deprivation of Fourth Amendment rights