52 F.3d 338
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joseph C. SUN, Plaintiff-Appellant,
v.
FEDERAL BUREAU OF PRISONS; Michelle Allport; Lt. Tyndall;
J. Griswold; Ed Hughes; Lt. Kolatson; Lt. Bailey;
Anthony Belaski; Rick Veach; Joy Curry; Anthony Boyd; J.
Lighty; P.L. Ferlazzo; L.E. Debois, Defendants-Appellees.
 No. 93-1445.
 United States Court of Appeals, Tenth Circuit.
 April 13, 1995.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 BACKGROUND
 
 2
 Pro se plaintiff Joseph Sun ("Sun"), formerly incarcerated at the Federal Correctional Institution in Littleton, Colorado, commenced this action against the defendants, Federal Bureau of Prisons and several prison employees, alleging a deprivation of his constitutional rights while incarcerated. In 1991, the district court dismissed Sun's complaint for failure to exhaust administrative remedies and, alternatively, for failure to state a claim upon which relief could be granted. On appeal, this Court reversed in part, and remanded for determinations by the district court as to (1) whether Sun's failure to meet strict administrative exhaustion requirements was caused by the prison staff; and (2) whether, accepting Sun's factual allegations in his complaint as true, he had pled a set of facts sufficient to support a colorable legal claim or claims. See Sun v. Federal Bureau of Prisons, 1991 WL 209985 (10th Cir. Oct. 18, 1991) (unpublished).
 
 
 3
 The record before us does not address the issue of exhaustion, so we will assume that this requirement was waived on remand. Instead, the government filed a Motion to Dismiss, or, Alternatively, Motion for Summary Judgment. The case was referred to a magistrate, upon whose recommendation the district court dismissed Sun's complaint, pursuant to 28 U.S.C.1915(d). We affirm the district court's dismissal of Sun's complaint, but do so based on a summary judgment standard rather than under 28 U.S.C.1915(d).
 
 DISCUSSION
 
 4
 We review a district court's dismissal pursuant to 28 U.S.C.1915(d) for an abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), liberally construing a plaintiff's pro se pleadings, Haines v. Kerner, 404 U.S. 519, 520 (1972). We previously stated that, liberally construed, Sun's factual allegations could support a legal claim or claims. See Sun, 1991 WL 209985. On remand, however, the district court held that these factual allegations were frivolous and/or malicious and, therefore, subject to dismissal under 28 U.S.C.1915(d).
 
 
 5
 The district court appeared to read Neitzke v. Williams, 490 U.S. 319 (1989), as allowing a district court to pierce the factual allegations in a plaintiff's complaint if they are "frivolous or malicious." Following the district court's reasoning, a court could dismiss a complaint under section 1915(d) based on "frivolous or malicious" factual allegations that the court would be required to accept as true for purposes of a motion for dismissal pursuant to Fed.R.Civ.P. 12(b)(6). We do not believe that Neitzke necessarily supports this proposition, nor do we believe that Sun's factual allegations describe "fanciful or delusional scenarios" such as to justify dismissal pursuant to section 1915(d). We do, however, believe that dismissal is proper under Fed.R.Civ.P. 56.
 
 
 6
 In its motion for dismissal or summary judgment, the government provided evidence that Sun's factual allegations were baseless. In response, Sun simply restated his allegations and called all of the government witnesses liars. As noted by the district court, Sun's affidavit merely restating his conclusory allegations from his complaint is insufficient to withstand the government's properly supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 884 (1990). Thus, the district court should have granted the government's motion for summary judgment and dismissed Sun's complaint on that basis.
 
 
 7
 Accordingly, we AFFIRM the decision of the district court dismissing Sun's complaint. The Mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470